IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IONA D. CALHOUN                               *

      Plaintiff,                        *       Case No.: WMN 06 CV 1169

v.                                            *

GENERAL SERVICES ADMINISTRATION              *

          Defendant.                *

                              *

*     *     *     *     *     *     *     *     *

## **Motion To Transfer Venue**

Comes now Plaintiff, Iona Calhoun, by and through her undersigned attorneys,

hereby requests that, pursuant to   28 U.S.C.A. § 1404(b), this case be

transferred from this Court to the United States District Court for the District of

Columbia. Defendant has notified Plaintiff that it has no objection to this venue

transfer request. An Order to this effect is attached.

                       Respectfully Submitted,

                         /s/

Michael J. Snider, Esq.  (MD: Bar No. 24695)
Ari Taragin, Esq. (MD: Bar No. 27409)
Jeffery C. Taylor, Esq. (MD: Bar No. 15528)
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IONA D. CALHOUN                          *

        Plaintiff,                   *       Case No.: WMN 06 CV 1169

v.                                       *

GENERAL SERVICES ADMINISTRATION          *

                Defendant.    *

                                         *

    *    *    *    *    *    *    *    *    *

**ORDER**

Upon review of Plaintiff's unopposed motion to transfer venue, it is this \_\_\_\_\_

day of June, 2006, that Plaintiff's motion is hereby, GRANTED.

 

_____

US District Court Judge

• AO 440 (Rev. 10/93) [MD Rev. 02/2001] Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

IONA D. CALHOUN
130108 Valleywood Drive
Wheaton, MD 20906

V

**SUMMONS IN A CIVIL CASE**

**DAVID L. BIBB, ACTING
ADMINISTRATOR
GENERAL SERVICES
ADMINISTRATION**

CASE   WMN 06 CV 1169

**NOTICE - This case is subject to electronic filing.**
Information on electronic filing procedures and how to
register to use the electronic filing system can be found
at: www.mdd.uscourts.gov

TO: (Name and address of Defendant)

**Serve on
David L. Bibb, Acting Administrator
General Services Administration
1800 F. Street, N.W.,
Washington, DC 20405**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**MICHAEL J. SNIDER, ESQ.
ARI TARAGIN, ESQ.
JEFFERY C. TAYLOR, ESQ.
SNIDER & ASSOCIATES, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208**

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

Felicia C. Cannon
CLERK

_Edith Tate_
(By) DEPUTY CLERK

05-10-2006
DATE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

IONA D. CALHOUN                               *

      Plaintiff,                          *       Case No. **06-cv-01169-WMN**
                                              May 24, 2006

v.                                            *

DAVID L. BIBB,                                *
ACTING ADMINISTRATOR
U.S.GENERAL SERVICES
ADMINISTRATION

      Defendant.                          *

  *     *     *     *     *     *     *     *     *

### PROOF OF SERVICE

      Plaintiff, Iona D. Calhoun, by her undersigned attorneys, submits proof of service

pursuant to Rule 4(I), Federal Rules of Civil Procedure. The Plaintiff served her

complaint and summons upon Defendant, dated May 16, 2006, May 18, 2006, and May

19, 2006, as shown by the attached return receipt delivery documents.

                              Respectfully Submitted,
                              /s/

                              _____
                              Michael J. Snider, Esq.  (MD: Bar No. 24695)
                              Ari Taragin, Esq. (MD: Bar No. 27409)
                              Jeffery C. Taylor, Esq. (MD: Bar No. 15528)
                              Snider & Associates, LLC
                              104 Church Lane, Suite 201
                              Baltimore, Maryland 21208
                              410-653-9060 phone
                              410-653-9061 fax
                              **Attorneys for Plaintiff**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alberto Gonzales Esq.
Attorney General of the U.S.
950 Pennsylvania Ave. NW
Washington, DC 20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

MAY 1 0 2006

3. Service Type
☐ Certified Mail    ☐ Express Mail
☑ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1160 0001 1891 9944

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David L. Bibb Acting
Administrator
General Services Adm.
1800 F St. N.W.
Washington, DC 20405

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
5/18/06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☑ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1160 0001 1891 8558

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Attorney's Office
36 S. Charles St. 4th Fl.
Baltimore, MD 21201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Michael Fraye    5/16/06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1160 0001 1891 8329

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IONA D. CALHOUN                                    *
13018 Valleywood Drive
Wheaton, MD 20906-3955
Montgomery County, Maryland

    Plaintiff,                                *    Case No

v.

DAVID L. BIBB, ACTING ADMINISTRATOR                *
UNITED STATES
GENERAL SERVICES ADMINISTRATION
1800 F Street, NW                                  *
Washington, DC 20405

    Defendant.                                *

   *   *   *   *   *   *   *   *   *

<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

    Plaintiff, Iona D. Calhoun, (hereafter 'Calhoun'), by and through his undersigned attorneys, hereby sues Defendant (hereafter 'Agency' or 'GSA') under Title VII, as amended, (hereafter, Title VII), the Age Discrimination in Employment Act of 1967, as amended, (hereafter ADEA), and the Equal Pay Act of 1963, as amended, (hereafter EPA). Plaintiff is suing Defendant David L. Bibb, Acting Administrator of the United States General Services Administration ("Defendant" or "Agency" or "GSA") for disparate treatment, reprisal, and unlawful discrimination based on race, color, gender, age, and reprisal. Plaintiff contends these discriminatory acts occurred in the areas of promotion, denial of training, discipline, reassignment, equal pay, selection for Agency vacancies, and harassment. Plaintiff resides in

Montgomery County, State of Maryland, and the unlawful actions, conduct, and/or omissions alleged herein this Complaint all occurred in Washington, D.C.

VENUE AND JURISDICTION

1.    This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 USCA §§ 2000e-2(a)(d), 2000e-3(a), 2000e-5 *et seq.*, 2000e-16 *et seq.*; and 28 U.S.C.A. §1331. Furthermore, this action arises pursuant to the EPA, 29 U.S.C.A. §206(d), and the ADEA, 29 U.S.C.A. §621 *et seq.*

2.    Venue is appropriate in this district pursuant to the venue statute as set forth under 42 U.S.C. § 2000e (5) (f) (1)(3), 28 U.S.C.A. §1402(b), and the local rules of this court. Plaintiff resides in Wheaton, Maryland.

3.    Jurisdiction is appropriate under 28 USCA §1331, §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(1)(3), 29 U.S.C.A. §633a(c), and 28 U.S.C.A. §§1343(a)(4) and 1346(b)(1). This Court has jurisdiction to award declaratory relief, all compensatory damages sought by plaintiff in this case, and all reasonable attorney's fees and costs pursuant to 42 U.S.C.A. §2000e-5(g)(k), 29 U.S.C.A. §626(b)(c)(1)(2), and 28 U.S.C.A. §1346b(1).

THE PARTIES

4.    Plaintiff is an African American female, aged 61, who resides in the State of Maryland, She was an employee of the Federal Government for over thirty eight years, and most recently worked for over a quarter of century at the General Services Administration located at 1800 F. St., N.W. Washington, D.C. 20405. In 1993, based on settlement of a prior EEOC complaint, Plaintiff received a

2

retroactive promotion backdated to 1989 as a GS-13. She was never competitively promoted thereafter. Plaintiff is currently retired from federal service as of April 30, 2005.

5.    Defendant David L. Bibb, is the Acting Administrator for the General Services Administration (hereafter GSA).    As the executive head of the GSA, he is a person acting as an agent or agency of the federal government. Defendant and its employees are subject to the provisions of Title VII pursuant to 28 U.S.C.A. §1343(a)(4), 42 USCA §§ 2000e-2(a)(d), 2000e-3(a), 2000e-5 *et seq.*, 2000e-16 *et seq.*, 29 U.S.C.A. §633a(a)(e) and 29 U.S.C.A. §203(d)(2)(A)(iii).    Defendant Bibb is sued in his official capacity for the actions, conduct, and/or omissions of all employees who work or worked for the GSA from August, 2001 through to April 30, 2005, who directly or indirectly caused Plaintiff's injuries as alleged herein this Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Plaintiff timely exhausted her administrative remedies for purposes of appeal to this Court. Each of the former EEOC cases relevant to this Complaint have not had final agency action within 180 days of Plaintiff's filing of EEO activity.

7.    Plaintiff filed an EEOC claim in Case No. EEOC 100-2004-00691X, (filed January 26, 2001), regarding non selection based on race, gender, and reprisal on or about December 22, 2000. This case is pending before the EEOC for final dispositive action.

3

8.      In EEOC #100-2004-00302X, (filed May 31, 2002), Plaintiff alleged unlawful disparate treatment and harassment based on race, gender, color, equal pay, and reprisal in the areas of being denied four requests for training, negative employment evaluations for the reporting period October 1, 2002 to September 30, 2003, and because Plaintiff was denied selection for a Advanced Leadership Development program, and because employment awards were not given to Plaintiff similarly to other situated coworkers[1]. The EEOC dismissed Plaintiff's claims on February 9, 2006, giving her the right to file a civil action in this case.

9.      Plaintiff filed another EEOC claim in Case No. EEOC 100-2005-00414X, (filed August 2, 2004), alleging ongoing and continuous discrimination in her employment.  Plaintiff alleged this discrimination was based on race, color, sex, age, and reprisal, when Plaintiff was not selected for a higher level vacancy at the Agency, which went to similarly situated coworkers, not as qualified as Plaintiff, and not in her protected class; and also due to the fact that no employees similar to Plaintiff over the age of 40 were ever promoted by the Agency in over eight years.

10.     Plaintiff also alleged she was not selected for Agency higher level positions due to her lawful protected activity.

11.     Plaintiff also alleged that she received a retaliatory transfer in August 2001, as a direct result of her engaging in lawful protected activity. EEOC #100-2005-00414X (Affidavit of Iona D. Calhoun, December 6, 2004).  Plaintiff withdrew her

---

[1] Plaintiff's complaint in EEOC 100-2004-00302X alleged reprisal due to Plaintiff's prior EEO activity.

request for a hearing in this case, and it was dismissed by the EEOC on May 4, 2006.

12.    Plaintiff filed another EEOC claim in Case No. EEOC 570-2006-00088X (filed July 9, 2004), alleging ongoing and continuous discrimination in her employment. She alleged this discrimination occurred when she was denied training and/or attendance to a human resources conference in October, 2003, and non selection for another higher level vacancy within the Agency on June 21, 2004. Plaintiff withdrew her request for a hearing in this case and the EEOC dismissed her claim on May 1, 2006.

13.    Plaintiff now appeals to this Court from the administrative exhaustion of her claims in 100--2004-00302X, 100-2005--00414X, and 570-2006-00088X. She has timely filed her lawsuit in an appropriate United States District Court due to the lack of any final EEOC decision in each of these foregoing cases. 29 C.F.R. §1614.310(i) (allowing for a civil action to be filed in cases where more than 180 days have elapsed since a complainant requests consideration before the Commission).

**FACTUAL CLAIMS**

14.    Plaintiff was employed by Defendant and remained at a GS-13 level of career advancement with Defendant since 1991. Plaintiff's GS-13 level was backdated to 1989, pursuant to her prior EEOC settlement against Defendant.

15.    In or about August, 2001, Plaintiff was transferred from her position as Computer Specialist to Management and Program Analyst at Defendant's Office of Real

Property. This decision was made by then George Martin Wagner (Associate Administrator for the Office of Government Wide Policy, Senior Executive Service. She was to be supervised by Stanley Langfeld.

16.  Plaintiff was thereafter denied several requests for training by Langfeld during 2002 -2003. These were a Human Resources Workshop (March, 2002), an Armed Forces Communities and Electronics Association (April, 2002),a Government & Media Perception Seminar (April, 2002); SmartCard training (May, July, 2002), an E-Authentication Policy and Technology Forum (November, 2002); a FOSE exposition (Information Technology Tradeshow) (March, 2003); an E-Government Knowledge Management Conference in 2003; and a USPAP training and attendance for a BOMA conference in October, 2003.

17.  Plaintiff desired to attend such training for continued employment. She wanted to keep abreast of GSA policies and strategic planning. Such training was also used for purposes of determining an employee's knowledge of and effectiveness at the Agency's mission, operations, and strategic goals.

18.  Plaintiff was denied such training by Langfeld, unlike similarly situated co workers not in her protected class.

19.  Plaintiff was also denied leave in March, 2002, unlike similarly situated co workers not in her protected class.

20.  Plaintiff received a negative performance evaluation from Langfeld, who never showed Plaintiff any relevant evidence that Plaintiff had any deficient work performance during this time.

6

21.    At this time, Plaintiff had over three years of work performed as similarly situated GS-14 employees working in the Real Property Division. She applied for a GS-14 vacancy, however she was not selected by Langfeld despite being on the Best Qualified List.

22.    Langfeld closed the vacancy  that Plaintiff applied to when the employee Langfeld selected, a younger white male, refused to take the position. Langfeld then re advertised the position under a different vacancy announcement and thereafter selected a younger white female in or about June, 2004.

23.    Plaintiff had successful work performance ratings the two years prior to her transfer under Langfeld, and/or her application to this vacancy announcement.

24.    On or about June 21, 2004, Plaintiff again was not selected for another vacancy announcement at the GS-14 level by Langfeld.

### COUNT I - (RACE/COLOR)

25.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 25 as if these paragraphs had been fully set forth herein this count and states that:

26.    Langfeld and Wagner intentionally reassigned Plaintiff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of training and promotion based on race.

27.    Similarly situated non African American employees were not treated the same as Plaintiff with regard to training, requesting and/or receiving leave, and/or being evaluated or considered for promotion and/or career advancement.

28.    Langfeld used unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and promotion.

29.    Based upon information and belief, Plaintiff was more qualified and had more working experience than the selected employees for vacancies Plaintiff desired. The lesser qualified selected employees were not in Plaintiff's protected class.

30.    Defendant's actions and conduct in denying Plaintiff training and/or promotion were substantially motivated by race.

31.    Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on race.

32.    Defendant's actions, conduct, and/or omissions violated Title VII, as amended.

33.    But for Defendant's actions, conduct and/or omissions, Plaintiff would have received training and would have been promoted to a GS-14 level position.

34.    But for Defendant's actions, conduct and/or omissions, Plaintiff would not have been injured.

35.    Plaintiff was injured by Defendant's actions, conduct, and/or omissions.

## Count II - (GENDER)

36.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 36 as if these paragraphs had been fully set forth herein this count and states that:

37.    Defendant's actions and conduct as alleged herein this Complaint were adverse employment actions based on gender.

8

38.  Langfeld and Wagner intentionally reassigned Plaintff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of training, promotion, and career advancement based on gender.

39.  Langfeld used unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and promotion

40.  Similarly situated male employees were not treated the same as Plaintiff with regard to training, leave, and/or being evaluated or considered for training, promotion, and career advancement.

41.  Based upon information and belief, Plaintiff was more qualified and had more working experience than the selected employees for vacancies Plaintiff desired. One of the lesser qualified selected employees was not in Plaintiff's protected class.

42.  Defendant's actions and conduct in denying Plaintiff training and/or promotion were substantially motivated by gender.

43.  Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on gender.

44.  Defendant's actions, conduct, and/or omissions violated Title VII, as amended.

45.  But for Defendant's actions, conduct and/or omissions, Plaintiff would have received training, and would have been promoted to a GS-14 level position.

46.  Plaintiff was injured by Defendant's actions, conduct, and/or omissions.

47.    But for Defendant's actions and conduct, Plaintiff would not have been injured.

## Count III - (AGE)

48.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 48 as if these paragraphs had been fully set forth herein this count and states that:

49.    Langfeld and Wagner intentionally reassigned Plaintff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of training, promotion, and career advancement based on age.

50.    Langfeld used unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and/or promotion.

51.    Similarly situated younger employees were not treated the same as Plaintiff with regard to training, requesting and/or receiving leave, and/or being evaluated or considered for promotion and/or career advancement.

52.    Based upon information and belief, Plaintiff was more qualified and had more working experience than the selected employees for vacancies Plaintiff desired. The lesser qualified selected employees were not in Plaintiff's protected class.

53.    Defendant's actions and conduct in denying Plaintiff training, promotion, and career advancement were substantially motivated by age.

54.    Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

55.    Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

56.    But for Defendant's actions, conduct, and/or omissions, Plaintiff would have received training and would have been promoted to a GS-14 level position.

57.    Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement, training, and promotion.

58.    But for Defendant's actions, conduct, and/or omissions, Plaintiff would not have been injured.

## COUNT V - REPRISAL

59.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 59 as if these paragraphs had been fully set forth herein this count and states that:

60.    The individuals responsible for effectuating the adverse personnel actions described herein this complaint were all knowledgeable about Plaintiff's protected EEO activity from December, 2000, through to the present.

61.    Langfeld and Wagner intentionally reassigned Plaintiff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of career advancement, training, and promotion based on reprisal.

62.    Langfeld used unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and promotion.

63.    Similarly situated employees with no prior EEO activity were treated the same as Plaintiff with regard to training, requesting and/or receiving leave, and/or being evaluated or considered for promotion and/or career advancement.

11

64.    A nexus exists in a short temporal period between each of Plaintiff's EEOC complaints and Defendant's failures to grant Plaintiff any training or leave she desired.

65.    A nexus exists in a short temporal period between each of Plaintiff's EEOC complaints and Defendant's failures to promote Plaintiff.

66.    The lesser qualified selected employees for vacancies Plaintiff desired did not have any prior EEO activity.

67.    Defendant's actions, conduct, and/or omissions in denying Plaintiff training, promotion, and career advancement were substantially motivated by reprisal.

68.    Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on reprisal.

69.    Defendant's actions, conduct, and/or omissions violated the Title VII, as amended.

70.    But for Defendant's actions, conduct and/or omissions, Plaintiff would have received training and leave she desired, and/or, would have been promoted to a GS-14 level position.

71.    Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement, training, and/or promotion.

72.    But for Defendant's actions, conduct and/or omissions, Plaintiff would not have been injured.

12

## COUNT VI - Equal Pay Act

73.     Plaintiff re-alleges all factual allegations made in paragraphs 1 through 73 as if these paragraphs had been fully set forth herein this count and states that

74.     Plaintiff did not receive equal pay for work she performed for three years (2002-2005) while employed by Defendant.

75.     Plaintiff performed the job duties of a GS-14, Program Expert, similarly to male employees working for Defendant. However, Plaintiff only received the pay rate of a GS-13 by Defendant.

76.     Plaintiff performed work of equal skill, effort, and responsibility as similarly situated male GS-14 level employees, under substantially similar working conditions. Plaintiff however was not paid at the same rate of these male co workers.

77.     Due to Defendant's actions, conduct and/or omissions, Plaintiff did not receive proper compensation for work she performed for Defendant.

78.     Defendant's failure to pay Plaintiff at the same rate as male co workers for substantially similar work under similar working conditions violated the Equal Pay Act, as amended.

79.     Defendant's failure to pay Plaintiff at the same rate as male co workers for substantially similar work under similar working conditions violated Title VII, as amended.

80.     Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff the same pay for equal work performed.

13

81.    But for Defendant's actions, conduct and/or omissions, Plaintiff would not have
         been injured.

## DAMAGES

82.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 82 as if
         these paragraphs had been fully set forth herein this claim for damages   and
         states that:

83.    As a direct result of Defendant's actions, conduct, and/or omissions as alleged
         herein this Complaint, Plaintiff suffered monetary and non-monetary damages.

84.    In addition to the aforementioned damages, Plaintiff suffered emotional and
         mental anguish, anxiety, fear, helplessness, shock, humiliation, insult,
         embarrassment, loss of self-esteem, loss of professional standing, damage to
         professional character and reputation, loss of future earnings and/or economic
         potential, and other economic and non-economic damages as a direct result of
         Defendant's unlawful actions, conduct, and/or omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant, was a violation of
         Plaintiff's federally protected rights;

b)  An order directing Defendant to  pay all pecuniary and non pecuniary damages
         suffered by Plaintiff as alleged herein in this Complaint.

e) An order directing Defendant to pay all damages incurred by Plaintiff, pursuant
         to Defendant's violations of Title VII, the ADEA, and the EPA.

14

f) An order directing Defendant to pay all reasonable attorneys fees and costs incurred

by Plaintiff and/or Plaintiff's counsel in this litigation;

g) Such other and further relief as the Court may deem just.

**Plaintiff prays for a jury trial on all matters of fact and/or combined matters of fact**

**and law.**

Respectfully Submitted,

Michael J. Snider, Esq.  (MD: Bar No. 24695)
Ari Taragin, Esq. (MD: Bar No. 27409)
Jeffery C. Taylor, Esq. (MD: Bar No. 15528)
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

15

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
# DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk                                                    Reply to Northern Division Address

June 22, 2006

United States District Court
For The District of Columbia
Clerk's Office - Civil Division
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: Calhoun v. General Services Administration
    Civil Case No.  WMN 06-1169

Dear Clerk:

[X]    On 6/21/06, an Order was filed transferring the above-captioned case to your Court. A login and password have been emailed to Maureen Higgins of your court to allow access to our system.

[  ]    On, an Order was filed accepting jurisdiction by your court in this case. Enclosed are certified copies of the Transfer of Jurisdiction (Prob 22), Indictment, Judgment and Commitment, and docket entries.

[  ]    Consent of the Defendant and approval of the United States Attorney having been received, this matter is being transmitted to your Court pursuant to Fed. R. Crim. P. 20(a). Enclosed are all the original papers on file.

Kindly acknowledge receipt of the enclosed on the duplicate copy of this letter and indicate the case number assigned in your District in the area provided below.

Thank you for your cooperation and courtesy in this matter.

Sincerely,

Felicia C. Cannon, Clerk

By:    /s/ _____
       Evaleen Gibbons, Deputy Clerk

Enclosure

Received by: _____
Date: _____
New Case No.: _____                    Letter Transferring Case (Rev. 02/26/2002)

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201 • 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Iona D. Calhoun

## DEFENDANTS
David L. Bibb, Acting Administrator, General Services Administration

(b) County of Residence of First Listed Plaintiff   Montgomery County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Baltimore County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Snider & Associates, LLC, 104 Church Lane, Ste 201, Baltimore, MD
21208, 410-653-9060

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII, Equal Pay Act, ADEA

Brief description of cause:
employment discrimination based on reprisal, race, age, equal pay, color, gender

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
05/09/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____