UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IONA D. CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1441 (HHK) |
| | ) | |
| DAVID BIBB, | ) | |
| ACTING ADMINISTRATOR, | ) | |
| U.S. GENERAL SERVICES, | ) | |
| ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The United States General Services Administration ("GSA") submits this Answer in response to the Complaint and Demand for Jury Trial filed by Plaintiff Iona D. Calhoun.

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because she failed to exhaust administrative remedies.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

This Court lacks jurisdiction over plaintiff's Equal Pay Act claim.

<u>FOURTH DEFENSE</u>

In response to the numbered and unnumbered paragraphs of Ms. Calhoun's Complaint, defendants responds as follows:

<u>Introductory Paragraph</u>:  This is plaintiff's characterization of her complaint to which no response is necessary.  To the extent that a response is deemed required, deny.

<u>VENUE AND JURISDICTION</u>

1. GSA admits that Ms. Calhoun purports to assert claims under the enumerated federal statutes, but denies that the claims have any merit.

2. GSA admits that venue is appropriate in this district.

3. This paragraph represents plaintiff's jurisdictional basis for her law suit, to which no response is required.  To the extent that a response is deemed required, deny.

4. Admitted.

5. GSA denies that David L. Bibb is currently the Acting Administrator of GSA and avers that, effective May 31, 2006, Lurita A. Doan is the Administrator of GSA. GSA admits the remaining allegations of this paragraph, except it denies that its employees are individually liable for any causes of action arising under the enumerated federal statutes.

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

6. Denied.

7. First sentence:  GSA admits that Calhoun made the allegations she describes in the first sentence of this paragraph, but denies that the allegations have any merit. Second sentence:  GSA denies the case is pending before the EEOC for final dispositive action.  GSA avers that an administrative hearing was held on June 6, 2006, and that

September 29, 2006, EEOC Administrative Judge Kurt C. Hodges entered judgment in favor of GSA and against Ms. Calhoun on all claims asserted by her. The matter is pending issuance of a Final Agency Action.

8. First sentence: GSA admits that Ms. Calhoun made the allegations that she describes in this paragraph, but denies the allegations have any merit. Second sentence: GSA denies that the EEOC "dismissed" her claims. On December 22, 2004, Administrative Judge Gerald M. Goldstein granted judgment without a hearing in favor of GSA and against Ms. Calhoun on all claims asserted by her. On January 28, 2005, GSA issued a Final Order implementing Administrative Judge's judgment. Ms. Calhoun appealed to the EEOC's Office of Federal Operations ("OFO"). On February 9, 2006, the OFO issued a decision affirming GSA's Final Order and Administrative Judge Goldstein's entry of judgment without a hearing in favor of GSA.

9. GSA admits that Ms. Calhoun made the allegations that she describes in this paragraph, but denies the allegations have merit.

10. GSA admits that Ms. Calhoun made the allegation that she describes in this paragraph, but denies the allegation has merit.

11. GSA denies that Ms. Calhoun has ever made an informal or formal EEO complaint alleging that her transfer in August 2001 was discriminatory. GSA denies that any such claim was ever accepted by it for investigation and denies that such a claim was investigated. GSA admits that the first mention of such a claim was in an Affidavit executed by Ms. Calhoun on December 6, 2004, in connection with the claims she asserted in EEOC Case Number 100-2005-00414X. GSA avers that, just prior to a scheduled administrative hearing on the claims asserted in EEOC Case Number 100-

2005-00414X, Ms. Calhoun moved, during a prehearing conference, to have that claim heard at that hearing, and that the Administrative Judge denied her motion ruling that the claim had not been asserted, had not been accepted by GSA for investigation and was untimely. GSA admits the remaining allegations in this paragraph.

12. GSA admits that Ms. Calhoun made the allegations that she describes in this paragraph, but denies the allegations have merit. GSA admits the remaining allegations in this paragraph.

13. GSA denies that this civil action is an "appeal." GSA denies that all of the claims asserted herein by Ms. Cahoun are timely filed and denies that there was a lack of any final EEOC final action in EEOC Case Number 100-2004-00302X.

## FACTUAL CLAIMS

14. Admitted.

15. Admitted.

16. Admitted.

17. GSA lacks sufficient information to form a belief about what Ms. Calhoun "desired" and therefore denies any allegations about what she "desired." GSA denies that the training was necessary, required or even beneficial for Ms. Calhoun's "continued employment." GSA lacks sufficient information to form a belief about what Ms. Calhoun "wanted" and therefore denies any allegations about what she "wanted." GSA denies that Ms. Calhoun was required in her job to keep abreast of GSA policies and strategic planning and denies that the training was required to keep her abreast of GSA policies and strategic planning. GSA denies that "[s]uch training was also used for purposes of determining an employee's knowledge of and effectiveness at the Agency's

mission, operations, and strategic goals." GSA denies that the training had anything to do with Ms. Calhoun's job duties.

18. GSA admits that the training was denied, but denies that it was granted to "similarly situated co-workers not in her protected class."

19. Denied.

20. Denied.

21. GSA admits that Ms. Calhoun was not selected for a GS-14 vacancy, but denies the remaining allegations in this paragraph.

22. GSA denies that Mr. Langfeld "closed the vacancy," and admits that he re-advertised the vacancy after his initial selectee declined the offer of the position. GSA admits that Mr. Langfeld initially selected a person for the position who was a white male who was younger than Ms. Calhoun, but denies that the selectee's sex, age and/or race were reasons for the selection. GSA admits that Mr. Langfeld selected a person for the position who was white and younger than Ms. Calhoun, but denies that the selectee's race and/or age were the reasons for the selection. GSA avers that both selectees were vastly more qualified for the position than Ms. Calhoun.

23. Admitted.

24. Admitted.

## COUNT I – (RACE/COLOR)

25. GSA incorporates by reference its responses to the factual allegations in paragraphs 1 through 24.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II – (GENDER)

36. GSA incorporates by reference its responses to the factual allegations in paragraphs 1 through 35.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT II – (AGE)

48. GSA incorporates by reference its responses to the factual allegations in paragraphs 1 through 47.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT V – (REPRISAL)

59. GSA incorporates by reference its responses to the factual allegations in paragraphs 1 through 58.

60. GSA admits that Mr. Wagner and Mr. Langfeld, at some point in time, became aware that Ms. Calhoun had asserted EEO claims, but denies they knew of all of the claims she had filed and denies that such knowledge had any influence on any decisions they made.

61. Denied.

62. Denied.

63. GSA admits that "[s]imilarly situated employees with no prior EEO activity were treated the same as Plaintiff" in connection with the enumerated matters, and that this fact defeats Ms. Calhoun's reprisal claim.

64. Denied.

65. Denied.

66. GSA denies that the selected employees were "lesser qualified" and denies that Mr. Langfeld had any knowledge of whether the selectees had any prior EEO activity.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT VI – EQUAL PAY ACT

73. GSA incorporates by reference its responses to the factual allegations in paragraphs 1 through 72.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## DAMAGES

82. GSA incorporates by reference its responses to the factual allegations in paragraphs 1 through 81.

83. Denied.

84. Denied.

WHEREFORE CLAUSE:  This clause requires no response.  To the extent that a response is deemed required, deny and aver that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a.

GSA denies that plaintiff's ADEA and Equal Pay Act claims may be tried to a jury.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that service on plaintiff was by e-filing to:

MICHAEL J. SNIDER, Esq.
ARI TARAGIN, Esq.
JEFFREY C. TAYLOR, Esq.
SNIDER & ASSOCIATES, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208

this 16th day of October, 2006

                              /s/
              CLAIRE WHITAKER, D.C. Bar # 354530
                  Assistant United States Attorney
                  United States Attorneys Office
                  Civil Division
                  555 4th Street, N.W., Room E-4204
                  Washington, D.C. 20530
                  (202) 514-7137