IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OFCOLUMBIA

IONA D. CALHOUN                                   *
13018 Valleywood Drive
Wheaton, MD 20906-3955
Montgomery County, Maryland

          Plaintiff,                              *      Case No. 06-1441-HHK

v.

LURITA A. DOAN, ADMINISTRATOR                     *
UNITED STATES
GENERAL SERVICES ADMINISTRATION
1800 F Street, NW                                 *
Washington, DC 20405

          Defendant.                              *

          *      *      *      *      *      *      *      *      *

<u>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Iona D. Calhoun, (hereafter 'Calhoun'), by and through his undersigned

attorneys, hereby sues Defendant (hereafter "Defendant", "Doan", 'Agency', or 'GSA')

under Title VII, as amended, (hereafter, Title VII), the Age Discrimination in Employment

Act of 1967, as amended, (hereafter ADEA), and the Equal Pay Act of 1963, as

amended, (hereafter EPA).   Plaintiff is suing Defendant David L. Bibb, Acting

Administrator of the United States General Services Administration ("Defendant" or

"Agency" or "GSA") for disparate treatment, reprisal, and unlawful discrimination based

on race, color, gender, age, and reprisal. Plaintiff contends these discriminatory acts

occurred in the areas of promotion, denial of training, discipline, reassignment, equal

pay, selection for Agency vacancies, and harassment.  Plaintiff resides in Montgomery

County, State of Maryland, and the unlawful actions, conduct, and/or omissions alleged

herein this Complaint all  occurred in Washington, D.C.

<u>VENUE AND JURISDICTION</u>

1.       This action arises under Title VII of the Civil Rights Act of 1964**,** as

amended, 42 USCA §§ 2000e-2(a)(d), 2000e-3(a), 2000e-5 *et seq.*,

2000e-16 *et seq.*; and 28 U.S.C.A. §1331*.* Furthermore, this action arises

pursuant to the EPA, 29 U.S.C.A. §206(d), and the ADEA, 29 U.S.C.A.

§621 *et seq.*

2.       Venue is appropriate in this district pursuant to the venue statute as set

forth under 42 U.S.C. § 2000e (5) (f) (1)(3), 28 U.S.C.A. §1402(b), and the

local rules of this court. Plaintiff resides in Wheaton, Maryland.

3.       Jurisdiction is appropriate under 28 USCA §1331, §706(f)(3) of Title VII,

42 U.S.C. §2000e-5(f)(1)(3), 29 U.S.C.A. §633a(c), and 28 U.S.C.A.

§§1343(a)(4) and 1346(b)(1). This Court has jurisdiction to award

declaratory relief, all compensatory damages sought by plaintiff in this

case,  and all reasonable attorney's fees and costs pursuant to 42

U.S.C.A. §2000e-5(g)(k), 29 U.S.C.A. §626(b)(c)(1)(2), and 28 U.S.C.A.

§1346b(1).

<u>THE PARTIES</u>

4.       Plaintiff is an African American female, aged 61, who resides in the State

of Maryland, She was an employee of the Federal Government for over

thirty eight years, and most recently worked for over a quarter of century

at the General Services Administration located at 1800 F. St., N.W.

Washington, D.C. 20405. In 1993, based on settlement of a prior EEOC complaint, Plaintiff received a retroactive promotion backdated to 1989 as a GS-13. She was never competitively promoted thereafter. Plaintiff is currently retired from federal service as of April 30, 2005.

5.     Defendant David L. Bibb, is the Acting Administrator for the General Services Administration (hereafter GSA).  As the executive head of the GSA, he is a person acting as an agent or agency of the federal government. Defendant and its employees are subject to the provisions of Title VII pursuant to 28 U.S.C.A. §1343(a)(4), 42 USCA §§ 2000e-2(a)(d), 2000e-3(a), 2000e-5 *et seq.*, 2000e-16 *et seq.*, 29 U.S.C.A. §633a(a)(e) and 29 U.S.C.A. §203(d)(2)(A)(iii).  Defendant Bibb is sued in his official capacity for the actions, conduct, and/or omissions of all employees who work or worked for the GSA from August, 2001 through to April 30, 2005, who directly or indirectly caused Plaintiff's injuries as alleged herein this Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     Plaintiff timely exhausted her administrative remedies for purposes of appeal to this Court.

7.     Plaintiff filed an EEOC claim in Case No. EEOC 100-2004-00691X, (filed January 26, 2001), regarding non selection based on race, gender, and reprisal on or about December 22, 2000. A hearing was held on June 6, 2006 before Administrative Judge Kurt Hodges. On September 29, 2006

the EEOC dismissed Plaintiff's claims giving her the right to file a civil action in this case.

8.  In EEOC #100-2004-00302X, (filed May 31, 2002), Plaintiff alleged unlawful disparate treatment and harassment based on race, gender, color, equal pay, and reprisal in the areas of being denied four requests for training, negative employment evaluations for the reporting period October 1, 2002 to September 30, 2003, and because Plaintiff was denied selection for a Advanced Leadership Development program, and because employment awards were not given to Plaintiff similarly to other situated coworkers[1]. The EEOC dismissed Plaintiff's claims on February 9, 2006, giving her the right to file a civil action in this case.

9.  Plaintiff filed another EEOC claim in Case No. EEOC 100-2005-00414X, (filed August 2, 2004), alleging ongoing and continuous discrimination in her employment.  Plaintiff alleged this discrimination was based on race, color, sex, age, and reprisal, when Plaintiff was not selected for a higher level vacancy at the Agency, which went to similarly situated coworkers, not as qualified as Plaintiff, and not in her protected class; and also due to the fact that no employees similar to Plaintiff over the age of 40 were ever promoted by the Agency in over eight years.

10.  Plaintiff also alleged she was not selected for Agency higher level positions due to her lawful protected activity.

11.  Plaintiff also alleged that she received a retaliatory transfer in August 2001, as a direct result of her engaging in lawful protected activity. EEOC

___
[1] Plaintiff's complaint in EEOC 100-2004-00302X alleged reprisal due to Plaintiff's prior EEO activity.

#100-2005-00414X (Affidavit of Iona D. Calhoun, December 6, 2004). Plaintiff withdrew her request for a hearing in this case, and it was dismissed by the EEOC on May 4, 2006.

12.    Plaintiff filed another EEOC claim in Case No. EEOC 570-2006-00088X (filed July 9, 2004), alleging ongoing and continuous discrimination in her employment. She alleged this discrimination occurred when she was denied training and/or attendance to a human resources conference in October, 2003, and non selection for another higher level vacancy within the Agency on June 21, 2004. Plaintiff withdrew her request for a hearing in this case and the EEOC dismissed her claim on May 1, 2006.

13.    Plaintiff now appeals to this Court from the administrative exhaustion of her claims in 100-2004-00691X, 100--2004-00302X, 100-2005--00414X, and 570-2006-00088X. She has timely filed her lawsuit in an appropriate United States District Court due to the lack of any final EEOC decision in each of these foregoing cases. 29 C.F.R. §1614.310(i) (allowing for a civil action to be filed in cases where more than 180 days have elapsed since a complainant requests consideration before the Commission).

## **FACTUAL CLAIMS**

14.    Plaintiff was employed by Defendant and remained at a GS-13 level of career advancement with Defendant since 1991. Plaintiff's GS-13 level was backdated to 1989, pursuant to her prior EEOC settlement against Defendant.

15.     In or about August, 2001, Plaintiff was transferred from her position as Computer Specialist to Management and Program Analyst at Defendant's Office of Real Property. This decision was made by then George Martin Wagner (Associate Administrator for the Office of Government Wide Policy, Senior Executive Service. She was to be supervised by Stanley Langfeld.

16.     Plaintiff was thereafter denied several requests for training by Langfeld during 2002 -2003. These were a Human Resources Workshop (March, 2002), an Armed Forces Communities and Electronics Association (April, 2002),a Government & Media Perception Seminar (April, 2002); SmartCard training (May, July, 2002), an E-Authentication Policy and Technology Forum (November, 2002); a FOSE exposition (Information Technology Tradeshow) (March, 2003); an E-Government Knowledge Management Conference in 2003; and a USPAP training and attendance for a BOMA conference in October, 2003.

17.     Plaintiff desired to attend such training for continued employment. She wanted to keep abreast of GSA policies and strategic planning. Such training was also used for purposes of determining an employee's knowledge of and effectiveness at the Agency's mission, operations, and strategic goals.

18.      Plaintiff was denied such training by Langfeld, unlike similarly situated co workers not in her protected class.

19.     Plaintiff was also denied leave in March, 2002, unlike similarly situated co workers not in her protected class.

20.     Plaintiff received a negative performance evaluation from Langfeld, who never showed Plaintiff any relevant evidence that Plaintiff had any deficient work performance during this time.

21.     At this time, Plaintiff had over three years of work performed as similarly situated GS-14 employees working in the Real Property Division. She applied for a GS-14 vacancy, however she was not selected by Langfeld despite being on the Best Qualified List.

22.     Langfeld closed the vacancy that Plaintiff applied to when the employee Langfeld selected, a younger white male, refused to take the position. Langfeld then re advertised the position under a different vacancy announcement and thereafter selected a younger white female in or about June, 2004.

23.     Plaintiff had successful work performance ratings the two years prior to her transfer under Langfeld, and/or her application to this vacancy announcement.

24.     On or about June 21, 2004, Plaintiff again was not selected for another vacancy announcement at the GS-14 level by Langfeld.

25.     On or around December 22, 2000, Plaintiff applied to for the position of Computer Specialist, GS- 14 position under Vacancy Announcement No. 01004103.

26.    The Agency referred three names for the position; Ms. Tokey-Bradfield, an
       Asian female, Ms. Boddie, an African-American female, and the Plaintiff.

27.    On or around December 26, 2000, Ms. Bradfield was selected to fill the
       position by the selecting official Mr. Whitson a white male.

28.    In EEOC Case No. 100-2004-00691X Ms. Peterson-Parker testified during
       the hearing that Mr. Whitson told her to hire Ms. Bradfield even though he
       was unaware of the total number of applicants who would apply for the
       position.

29.    Ms. Peterson-Parker also testified that she had been ordered to carry out
       Mr. Whitson's wishes and that as his Deputy she needed to demonstrate
       that she could manage and follow directions.

30.    The Judge found that that Mr. Whitson was the selecting official for the
       position at issue and that he directed Ms. Peterson-Parker to preselect the
       selectee and that he was in fact the selecting official for the Computer
       Specialist, GS- 14 position under Vacancy Announcement No. 01004103.

31.    Ms. Peterson-Parker also testified that objectively the Plaintiff was by far
       more qualified than the selectee for this position.

## COUNT I - (RACE/COLOR)

32.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 31
       as if these paragraphs had been fully set forth herein this count and states
       that:

33.    Langfeld and Wagner intentionally reassigned Plaintiff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of training and promotion based on race.

34.    Similarly situated non African American employees were not treated the same as Plaintiff with regard to training, requesting and/or receiving leave, and/or being evaluated or considered for promotion and/or career advancement.

35.    Langfeld used non objective and unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and promotion.

36.    Based upon information and belief, Plaintiff was more qualified and had more working experience than the selected employees for vacancies Plaintiff desired. The lesser qualified selected employees were not in Plaintiff's protected class.

37.    Defendant's actions and conduct in denying Plaintiff training and/or promotion were motivated by race.

38.    Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on race.

39.    Defendant's actions, conduct, and/or omissions violated Title VII, as amended.

40.     But for Defendant's actions, conduct and/or omissions, Plaintiff would have received training and would have been promoted to a GS-14 level position.

41.     But for Defendant's actions, conduct and/or omissions, Plaintiff would not have been injured.

42.     Plaintiff was injured by Defendant's actions, conduct, and/or omissions.

### Count II - (GENDER)

43.     Plaintiff re-alleges all factual allegations made in paragraphs 1 through 42 as if these paragraphs had been fully set forth herein this count and states that:

44.     Defendant's actions and conduct as alleged herein this Complaint were adverse employment actions based on gender.

45.     Langfeld and Wagner intentionally reassigned Plaintff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of training, promotion, and career advancement  based on gender.

46.     Langfeld used non objective and unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and promotion

47.     Similarly situated male employees were not treated the same as Plaintiff with regard to training, leave, and/or being evaluated or considered for training, promotion,  and career advancement.

48.    Based upon information and belief, Plaintiff was more qualified and had more working experience than the selected employees for vacancies Plaintiff desired. One of the lesser qualified selected employees was not in Plaintiff's protected class.

49.    Defendant's actions and conduct in denying Plaintiff training and/or promotion were motivated by gender.

50.    Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on gender.

51.    Defendant's actions, conduct, and/or omissions violated Title VII, as amended.

52.    But for Defendant's actions, conduct and/or omissions, Plaintiff would have received training, and would have been promoted to a GS-14 level position.

53.    Plaintiff was injured by Defendant's actions, conduct, and/or omissions.

54.    But for Defendant's actions and conduct, Plaintiff would not have been injured.

### Count III - (AGE)

55.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 54 as if these paragraphs had been fully set forth herein this count and states that:

56.    Langfeld and Wagner intentionally reassigned Plaintff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of

her employment in the manner of training, promotion, and career advancement based on age.

57. Langfeld used non objective and unfair negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and/or promotion.

58. Similarly situated younger employees were not treated the same as Plaintiff with regard to training, requesting and/or receiving leave, and/or being evaluated or considered for promotion and/or career advancement.

59. Based upon information and belief, Plaintiff was more qualified and had more working experience than the selected employees for vacancies Plaintiff desired. The lesser qualified selected employees were not in Plaintiff's protected class.

60. Defendant's actions and conduct in denying Plaintiff training, promotion, and career advancement were motivated by age.

61. Defendant's actions, conduct, and/or omissions in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

62. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

63. But for Defendant's actions, conduct, and/or omissions, Plaintiff would have received training and would have been promoted to a GS-14 level position.

64.     Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement, training, and promotion.

65.     But for Defendant's actions, conduct, and/or omissions, Plaintiff would not have been injured.

## COUNT V - REPRISAL

66.     Plaintiff re-alleges all factual allegations made in paragraphs 1 through 65 as if these paragraphs had been fully set forth herein this count and states that**:**

67.     The individuals responsible for effectuating the adverse personnel actions described herein this complaint were all knowledgeable about Plaintiff's protected EEO activity from December, 2000, through to the present.

68.     Langfeld and Wagner intentionally reassigned Plaintiff under Langfeld's supervision in order to deny Plaintiff terms, conditions, and/or privileges of her employment in the manner of career advancement, training, and promotion based on reprisal.

69.     Langfeld used unfair and non objective, negative work performance evaluations to deny Plaintiff any opportunity for career advancement, training, and promotion.

70.     Similarly situated employees with no prior EEO activity were treated the same as Plaintiff with regard to training, requesting and/or receiving leave, and/or being evaluated or considered for promotion and/or career advancement.

71.     A nexus exists in a short temporal period between each of Plaintiff's
        EEOC complaints and Defendant's failures to grant Plaintiff any training or
        leave she desired.

72.     A nexus exists in a short temporal period between each of Plaintiff's
        EEOC complaints and Defendant's failures to promote Plaintiff.

73.     The lesser qualified selected employees for vacancies Plaintiff desired did
        not have any prior EEO activity.

74.     Defendant's actions, conduct, and/or omissions in denying Plaintiff
        training, promotion, and career advancement were substantially motivated
        by reprisal.

75.     Defendant's actions, conduct, and/or omissions in this regard were
        adverse employment actions and/or perpetuated intentional and unlawful
        discrimination based on reprisal.

76.     Defendant's actions, conduct, and/or omissions violated the Title VII, as
        amended.

77.     But for Defendant's actions, conduct and/or omissions, Plaintiff would
        have received training and leave she desired, and/or, would have been
        promoted to a GS-14 level position.

78.     Plaintiff was injured by Defendant's actions, conduct, and/or omissions
        that denied Plaintiff any opportunity for career advancement, training,
        and/or promotion.

79.     But for Defendant's actions, conduct and/or omissions, Plaintiff would not
        have been injured.

### COUNT VI - Equal Pay Act

80.     Plaintiff re-alleges all factual allegations made in paragraphs 1 through 79 as if these paragraphs had been fully set forth herein this count and states that

81.     Plaintiff did not receive equal pay for work she performed for three years (2002-2005) while employed by Defendant.

82.     Plaintiff performed the job duties of a GS-14, Program Expert, similarly to male employees working for Defendant. However, Plaintiff only received the pay rate of a GS-13 by Defendant.

83.     Plaintiff performed work of equal skill, effort, and responsibility as similarly situated male GS-14 level employees, under substantially similar working conditions. Plaintiff however was not paid at the same rate of these male co workers.

84.     Due to Defendant's actions, conduct and/or omissions, Plaintiff did not receive proper compensation for work she performed for Defendant.

85.     Defendant's failure to pay Plaintiff at the same rate as male co workers for substantially similar work under similar working conditions violated the Equal Pay Act, as amended.

86.     Defendant's failure to pay Plaintiff at the same rate as male co workers for substantially similar work under similar working conditions violated Title VII, as amended.

87.     Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff the same pay for equal work performed.

88.    But for Defendant's actions, conduct and/or omissions, Plaintiff would not have been injured.

## **DAMAGES**

89.    Plaintiff re-alleges all factual allegations made in paragraphs 1 through 88 as if these paragraphs had been fully set forth herein this claim for damages  and states that:

90.    As a direct result of Defendant's actions, conduct, and/or omissions as alleged herein this Complaint, Plaintiff suffered monetary and non-monetary damages.

91.    In addition to the aforementioned damages, Plaintiff suffered emotional and mental anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, loss of professional standing, damage to professional character and reputation, loss of future earnings and/or economic potential, and other economic and non-economic damages as a direct result of Defendant's unlawful actions, conduct, and/or omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant, was a violation of Plaintiff's federally protected rights;

b)  An order directing Defendant to pay all pecuniary and non pecuniary damages suffered by Plaintiff as alleged herein in this Complaint.

e) An order directing Defendant to pay all damages incurred by Plaintiff, pursuant to Defendant's violations of Title VII, the ADEA, and the EPA.

f) An order directing Defendant to pay all reasonable attorneys fees and costs

incurred by Plaintiff and/or Plaintiff's counsel in this litigation;

g) Such other and further relief as the Court may deem just.

**Plaintiff prays for a jury trial on all matters of fact and/or combined matters of fact and law.**

Respectfully Submitted,

/s/

_____
Michael J. Snider, Esq.  (MD: Bar No. 24695)
Ari Taragin, Esq. (MD: Bar No. 27409)
Jeffery C. Taylor, Esq. (MD: Bar No. 15528)
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff