<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA</u>

**IONA D. CALHOUN**,                              *

    Plaintiff,                                        Case No. 06-1441-HHK/AK

v.                                                          *

**Lurita Alexis Doan, Administrator,**
**U.S. General Services Administration**          *

    Defendant                                      *

## **PARTIES' JOINT LCvR 16.3(c) REPORT**

Plaintiff, Iona D. Calhoun, (hereafter 'Calhoun'), by and through her undersigned attorneys, hereby sues Defendant (hereafter "Defendant", "Doan", 'Agency', or 'GSA') under Title VII, as amended, (hereafter, Title VII), the Age Discrimination in Employment Act of 1967, as amended, (hereafter ADEA), and the Equal Pay Act of 1963, as amended, (hereafter EPA). Plaintiff is suing Defendant, Luria Alexis Doan, Administrator of the United States General Services Administration for disparate treatment, reprisal, and unlawful discrimination based on race, color, gender, age, and reprisal. Plaintiff contends these discriminatory acts occurred in the areas of promotion, denial of training, discipline, reassignment, equal pay, selection for Agency vacancies, and harassment. The Agency contends Ms. Calhoun's claims related to her reassignment and/or transfer in 2000 are barred because of failure to exhaust administrative remedies and thus are untimely. In addition, the Agency contends that there are clear non-discriminatory reasons for each employment action challenged by Ms. Calhoun, and there is no evidence of pretext.

The parties by their undersigned counsel hereby agree and file a joint LCvR 16.3(c) Report as follows:

1. **Whether Case Is Likely To Be Resolved By Dispositive Motion:**

Plaintiff deems it unlikely that the case will be resolved by dispositive motion. Defendant believes that all or part of the case will be appropriate for summary judgment after the close of discovery. Defendant proposes that motions for summary judgment be due thirty (30) days after the close of discovery with any oppositions and replies due in accordance with the rules of court.

2. **Date for Joinder of Other Parties:**

The parties agree that all appropriate parties are before the Court and further joinder is not necessary or anticipated.

3. **Assignment to Magistrate Judge:**

Plaintiff proposes that the case be assigned to Magistrate Judge Alan Kay for mediation and/or discovery disputes. Defendant has no objection to this case being assigned to a Magistrate Judge Kay for mediation or discovery disputes.

4. **Whether There Is A Realistic Possibility Of Settlement:**

The parties are willing to explore early settlement with a view toward resolution of Ms. Calhoun's litigation.

5. **Whether The Case Would Benefit From The Court's ADR Procedures:**

The parties are willing to participate in court ordered mediation. However, should this case be referred to mediation, the parties agree that discovery be stayed during the period of any mediation.

6. **Whether To Dispense With Rule 26(a)(1) Initial Disclosures:**

Plaintiff believes that the Rule 26(a)(1) initial disclosures should be dispensed with in this case as unnecessary until mediation is concluded. Defendant believes that any Rule 26(a)(1) initial disclosures should be exchanged ten days after the end of mediation or when discovery commences in this case.

7. **Anticipated Timing and Extent of Discovery:**

The parties agree that fact discovery should commence upon the conclusion of any court ordered mediation. The fact discovery period should be for 120 days.

8. **Expert Witness Reports Pursuant to Rule 26(a)(2):**

Plaintiff's Rule 26(a)(2) expert discovery will be due thirty (30) days after the beginning of discovery. Defendant's Rule 26(a)(2) expert discovery will be due thirty (30) days after service of Plaintiff's expert disclosure and report.

9. **Class Action Procedures:**

This case is not a class action.

10. **Bifurcation:**

The parties do not believe this case to be suited for bifurcation.

11. **Pretrial Conference and Trial Date:**

The parties propose that a pretrial conference date be set within 45 days after the resolution of any dispositive motions, and that the trial date be set at any future pretrial conference.

12. **Other Matters:**

The parties have taken steps to preserve records for discovery purposes and for exchange of electronic data.

        Respectfully submitted,

/s/ Jeffery C. Taylor, Esq.          /s/ Jeffrey A. Taylor, Esq.
_____     _____
Michael J. Snider, Esq. MD #24695     Jeffrey A. Taylor, D.C. Bar # 498610
Ari Taragin, Esq. MD #27409     United States Attorney
Jeffery C. Taylor, Esq. MD #15528
Jason I. Weisbrot, Esq. MD #28074
Jacob Statman, Esq. MD #16932     /s/ Rudolph Contreras, Esq.
Law Offices of Snider & Associates, LLC   _____
104 Church Lane, Suite 100     Rudolph Contreras, D.C. Bar #434122
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax     /s/ Claire Whitaker, Esq.
jeff@sniderlaw.com     _____
ecf@sniderlaw.com     Assistant United States Attorney

Attorneys for Plaintiff     Claire Whitaker, D.C. Bar # 354530
   Assistant United States Attorney
   United States Attorneys Office
   Civil Division
   555 4th Street, N.W., Room E-4204
   Washington, D.C. 20530
   (202) 514-7137


   Attorneys for Defendant