EXHIBIT 1

LAW OFFICES OF SNIDER & ASSOCIATES, LLC
JUSTICE IN THE WORKPLACE®

March 31, 2008

**By Email and U.S. Mail**

Claire Whitaker, Esq.
Assistant United States Attorney
United States Attorneys' Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, DC 20530

    Re:    *Calhoun V. Doan*, Civil Action No. 06-1441 (HHK)

Dear Ms. Whitaker:

    Attached please find Plaintiff's responses to Defendant's Interrogatories and Defendant's Request for Production of Documents. There are no new documents that Plaintiff has not produced before.

    In the past, Plaintiff has provided medical records. Plaintiff is seeking to supplement those records, but, in any case, those records reflect damages rather than the underlying issues of the case. Plaintiff is also endeavoring to secure an affidavit from Plaintiff's supervisor, Richard Kellett.

    Plaintiff has thereby met her discovery obligations, and you are free to schedule Ms. Calhoun's deposition. I am now advising you that I will be out of the country from April 15, 2008 to April 29, 2008, as I believe I had advised you and the Court in the motion for an extension, and so Ms. Calhoun's deposition should be scheduled before that date. I am also scheduled to participate in a conciliation at 1:00 on April 14, 2008, so we would need to schedule the deposition sometime before April 14, 2008.

    In viewing Defendant's responses to Plaintiff's Interrogatories, a standard answer in Defendant's responses is "Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived." It would also appear that numerous documents have not been produced in response to Plaintiff's Requests for Documents. *Inter alia*, there do not appear to be responses to Requests 7 and 8. For your convenience, I am sending you a copy of these Requests.

    Please contact me as soon as possible so that we can discuss these issues and resolve them before the discovery deadline. My client represents that she has requested these documents from the Agency over the course of several years. However, because of

the Agency's recalcitrance, we are now in the position that you represented the Agency was in: that is, there does not appear to be much point in further deposing Agency witnesses, prior to a trial, if we do not have the documents according to which we could depose.

 Whatever the case, I am hopeful we can resolve these matters without the court's intervention. I would nonetheless be remiss if I did not tell you that, should we not resolve these matters within the next week, I would necessarily file a Motion to Compel. Again, it is my understanding that this is an old issue in this case, one that arose long before I became involved.

 I am optimistic about out being able to resolve matters without the court's intervention. While I am scheduled to appear at a hearing tomorrow, I will otherwise be available to discuss these matters.

        Very truly yours,

        James L. Fuchs

Attachment and enclosure