EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IONA D. CALHOUN, | ) | |
| Plaintiff, | ) | Case No. 06-1441-HHK |
| | ) | |
| v. | ) | |
| | ) | |
| LURITA ALEXIS DOAN, Administrator, | ) | |
| U.S. General Services Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

### **RESERVATION OF RIGHTS**

In responding to Plaintiff's Interrogatories, Defendant reserves the right to supplement, clarify, revise, or correct any or all of the responses herein. The responses to the Interrogatories are accurate to the best of defendant's knowledge as of this date. Defendant expressly reserves the right to rely in this action on subsequently discovered information and amend these responses to reflect such newly discovered evidence that is responsive to the Plaintiff's First Set of Interrogatories.

### **General Objections**

Defendant objects to the extent that the interrogatories seek information protected by the attorney client or attorney work product privileges, classified information, and to the extent the information requested is protected by the Privacy Act of 1974, 5 U.S.C. § 552a. Defendant further objects to the extent that the information that the interrogatories sought are already in Plaintiff's possession, and, therefore, the requests are unreasonably cumulative and duplicative. Defendant also objects because the interrogatories, including their subparts, exceed the

interrogtory limit prescribed by the Local Rules of this Court. Subject to and without waiving its general or specific objections, defendant makes its specific objections and responds as follows.

## RESPONSE TO SPECIFIC INTERROGATORIES

1. State the name, address, and business telephone number of each person with personal or other knowledge regarding the facts and circumstances surrounding any of events or circumstances referenced in any EEO complaints filed in this case and state with specificity and in detail the substance of that knowledge, how the knowledge was gained, whether the knowledge has been relayed to anyone else, whether the knowledge was recorded in any way at any time, who the knowledge was relayed to and the reason(s) the knowledge was relayed Please attach to your responses to these interrogatories a copy of any documents or written evidence referenced in your Answer, e.g. documents upon which such witnesses will rely upon or any affidavits provided by such witnesses.

**ANSWER:**

The following GSA employees have knowledge and can be contacted through Defendant's counsel:

Stanley Langfeld has knowledge of the non-discriminatory reasons for the employment decisions challenged by Plaintiff in the EEOC actions referenced in Plaintiff's Complaint, other than those challenged in EEOC No. 100-2004-0691X.

The Report of Investigation (ROI) in each EEOC action referred to in Plaintiff's Complaint contain affidavits of GSA and former GSA employees who have the knowledge detailed in the affidavits. Those affidavits also identify GSA employees who have the knowledge described in the affidavits. The depositions, briefs of the parties, and hearing testimony in EEOC No. 100-2004-0691X describe the identity of persons with knowledge and the nature of their knowledge.

Other GSA employees are identified in the documents contained in the ROI's for the EEOC actions referred to in Plaintiff's Complaint, and in documents produced in response to Plaintiffs request for production of documents in this action. In particular, emails contained in

the ROI's and the documents produced in this action identify GSA employees with knowledge. The senders and recipients of these emails, and persons mentioned in them, have knowledge of the matters stated in the emails.

Former GSA employee Paul Whitson was the selecting official in the selection challenged by Plaintiff in EEOC No. 100-2004-0691X. His last known address and phone number is 64 Hatteras Street, Ocean Pines, MD 21811; 410-641-6634.

2. Identify and explain in detail all individuals who have had input into the decisions to post any vacancies that Plaintiff either expressed in an interest in applying to, and/or, any position that Plaintiff actually submitted an application for consideration of promotion.

**OBJECTION:**

Defendant objects because the interrogatory is vague and ambiguous. Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because it has no way of identifying all positions for which Plaintiff has applied because it cannot identify vacancy announcements based on the name of applicants.

**ANSWER:**

Subject to this objection, Paul Whitson and Wanda Peterson Parker had input into the decision to post a vacancy announcement in connection with the selection challenged by Plaintiff in EEOC No. 100-2004-0691X. Stanley Langfeld made the decision to post the vacancy announcements related to the selections challenged by Plaintiff in the other EEOC cases identified by Plaintiff in her Complaint.

Without waiving any admissibility objection, Defendant will answer this interrogatory for any vacancy announcement which Plaintiff can specifically identify.

3. Describe in detail the entire selection process regarding any candidate who may have applied to any positions that Plaintiff ever applied to from January 1, 2000 to April 30, 2005. Please provide each manager's or anyone who had input in this decision; name, title, and grade, race, who was involved in each decision process.

**OBJECTION:**

Defendant objects because the interrogatory is vague and ambiguous. Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because it has no way of identifying all positions for which Plaintiff has applied because it cannot identify vacancy announcements based on the name of applicants.

**ANSWER:**

The selection process for the selections challenged by Plaintiff in the EEOC actions identified in her Complaint are described in detail in the affidavits contained in the ROI's for those EEOC actions, and are described in the deposition and hearing testimony given, and the briefs of the parties filed, in EEOC No. 100-2004-0691X.

Without waiving any admissibility objection, Defendant will answer this interrogatory for any vacancy announcement which Plaintiff can specifically identify.

4. Identify and explain in detail the stated criteria given by any selecting official and/or selection panel, either individually or jointly, or by and through the coordinating selecting official, which was used in selecting any candidate ultimately selected for any agency vacancy that Plaintiff also applied to for consideration from January 1, 2000 to April 30, 2005.

**OBJECTION:**

Defendant objects because the interrogatory is vague and ambiguous. Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects because it has no way of identifying all positions for which Plaintiff has applied because it cannot identify vacancy announcements based on the name of applicants.

**ANSWER:**

There were no selection panels. The criteria for the selections challenged by Plaintiff in the EEOC actions identified in her Complaint are described in detail in the affidavits contained in the ROI's for those EEOC actions, and are described in the deposition and hearing testimony given, and the briefs of the parties filed, in EEOC No. 100-2004-0691X. They are also described in the Vacancy Announcements and other documents which are in the ROI's and produced in this action.

Without waiving any admissibility objection, Defendant will answer this interrogatory for any vacancy announcement which Plaintiff can specifically identify.

5.  Explain in detail all objective criteria used by Defendant to select candidates for any positions Plaintiff ever applied to as well what factors were being sought by Defendant for any vacancies Plaintiff applied to during January 1, 2000 to April 30, 2005.

    **Response:** See the objections and answer to Interrogatory number 4.

6.  Explain in detail all subjective criteria used by Defendant to select candidates for any positions Plaintiff ever applied to as well for consideration from January 1, 2000 to April 30, 2005.

    **Response:** See the objections and answer to Interrogatory number 4.

7.  Explain in detail why Plaintiff was not selected by Defendant for all vacancies she ever applied to from January 1, 2000 to April 30, 2005.

    **OBJECTION:**

    Defendant objects because the interrogatory is vague and ambiguous. Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects because it has no way of identifying all positions for which Plaintiff has applied because it cannot identify vacancy announcements based on the name of applicants.

**ANSWER:**

The reasons for Plaintiff's non-selection for the positions at issue in the EEOC actions identified in Plaintiff's Complaint are stated in the affidavits of Paul Whitson and Stanley Langfeld in the ROI's for those EEOC Actions. They are also described in deposition and hearing testimony in those actions.

Without waiving any admissibility objections, Defendant will answer this interrogatory for any vacancy announcement which Plaintiff can specifically identify.

8. Explain in detail all reasons used by any agency personnel when denying Plaintiff any training Plaintiff requested as identified in Plaintiffs Complaint, para. 16.

**ANSWER:**

The reasons for denying such training are described in detail in the affidavits of Stanley Langfeld contained in the ROI's for the EEOC Actions identified in Plaintiff's Complaint which challenge the denial of training.

9. Explain in detail the relative qualifications, experience, training, work assignments, personnel histories, and any other material information that would clearly show the strengths and weaknesses of every candidate who applied for the same agency vacancies as Plaintiff did from January 1, 2000 to April 30, 2005.

**OBJECTION:**

Defendant objects because the interrogatory is vague and ambiguous. Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because it has no way of identifying all positions for which Plaintiff has applied because it cannot identify vacancy announcements based on the name of applicants.

**ANSWER:**

The qualifications of the applicants for the positions for which Stanley Langfeld was the selecting official are described in the application materials and the affidavits of Stanley Langfeld contained in the ROI's for the EEOC actions identified in Plaintiff's Complaint which challenge the selections made by Mr. Langfeld. They are also contained in the other documents, including the handwritten notes of Mr. Langfeld, contained in those ROI's and produced in this action.

The qualifications of the applicants for the selection challenged in EEOC No. 100-2004-0691X are described in the affidavit of Paul Whitson in the ROI for that action, and in the deposition and hearing testimony given in that action.

There are no known disciplinary actions taken against any applicants.

Defendant will answer this interrogatory for any vacancy announcement which Plaintiff can specifically

10. Provide all supporting documentation, and clearly identify all such candidates referred to in Interrogatory #9, by ethnicity, gender, age, actual years of employment by job title, actual duties or assignments, disciplinary history if relevant, and any other relevant criteria, for instance, whether any such employee ever engaged in any union or EEO activity from January 1, 2000 through April 30, 2005.

**ANSWER:**

See the answer and objections to Interrogatory No. 9.

11. Explain, in detail, the entire "Quickhire" process including, but not limited to, how applications are submitted, rated, prepared, forwarded to management, and what impact or affect this process has or may have on any decision making processes of the Agency in selecting candidates for promotion or training.

**ANSWER:**

QuickHire is an electronic process for applying for jobs based on vacancy announcements. Applicants submit resumes and supporting materials electronically. Applicants answer a series of questions designed to elicit information about their qualifications as they

relate to the knowledge, skills and abilities ("KSA's") required for the particular job announced. The answers are weighted depending on the relative importance of the KSA's to the particular job. Based on the information submitted by the applicant, the applicants are ranked according to the minimum qualifications required for the job. A list of those who meet the minimum requirements for consideration for the job is transmitted to the selecting official(s). The selecting official(s) makes the decision about who is best qualified for the based on criteria deemed important by the selecting official(s). That decision may or may not be based on interviews if the selecting official(s) decides that interviews are necessary. The selecting official(s) determine the best qualified applicant based on the selecting officials' conclusions about what qualifications are most necessary for successful performance of the job, based on that official's knowledge of the job requirements and conclusions about the KSA's of the applicants, including any personal knowledge the selecting official(s) may have about individual applicants. Applicants who do not meet the minimum requirements for the job are not transmitted for consideration to the selecting officials).

12. If you are rejecting Plaintiffs complaint in its entirety, specify In detail the evidence which refutes her claims on the bases of gender, race, age and/or retaliation.

**ANSWER:**

Defendant rejects all claims made by Plaintiff. The reasons and supporting evidence are stated in detail in the affidavits of responsible management officials in the ROI's for the EEOC actions identified in Plaintiff's Complaint, in all of the documents contained in those ROI's, in the deposition and hearing testimony given in those EEOC actions, in the briefs of Defendant filed in EEOC No. 100-2004-0691X, and in the documents produced in this action.

13. Provide or produce the Office of Government wide Policy (OGP) regulations and/or guidelines on the promotion of minorities in federal service at the GSA, all relevant employment statistics related to minorities employed at the GSA, and any pertinent data

related to the ages, ethnic backgrounds, genders, and EEO activities of all employees similarly situated to Plaintiff from January 1, 2000 to April 30, 2005.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**

There are no such written regulations or guidelines specific to OGP or for GSA. A copy of GSA's agency wide civil rights and affirmative action policy will be supplied.

14. Identify and explain the statistical information on the number and percentage of GSA workforce at the GS-12, GS-13, GS-14, GS-15 and SES levels for fiscal years 1998 - 2005. Provide the number of males, females, and the racial profile for each GS level.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**

Defendant will make available for inspection and copying such statistics as are maintained by GSA's Office of Civil Rights and its Office of the Chief Human Capital Officer.

15. Identify and explain all OGP promotions/reclassifications that are GS-13 and above for fiscal years 1995 to 2005. State each employee's name, race, gender, age, job title, grade and step, beginning date of government employment, beginning date of GSA employment.

**OBJECTION:**

Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

16. Identify and explain the name(s) and number of years each black employee remained at the GS-12 level before being promoted to the G8 13 level. List the name and the number of years each white employee remained at the G8-12 level before being promoted to the G8 13 level. Also, the name(s) and numbers of years each black employee remained at the G8-13 level before being promoted to a G8-14. List how many years each white employees remained at the G8 13 level before being promoted to a G8-14. Also, list the name(s) how many years each black employee remained at the G8-14 level before promotion to a G8-15. List the name(s) how many years each white employee remained at the G8-14 level before promotion a G8-15.

**OBJECTION:**

Defendant also objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

17. Identify all of the OGP employees at the G8-15 level, position title, grade/step level, gender, and race from 1995 - 2005. Also, please identify all OGP managers from 1995 - 2005 by name, grade level, position, gender and race.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

18. Identify each OGP employee accepted into the ALDP program from 2002 to 2004. Identify each employee by name, race, gender, and grade level and the name(s) of the managers involved in the recommendations. Identify and explain the criteria and passing grade in selecting the employees.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

19. Identify each Office of Real Property employees by; grade and step level, job title, race, date of previous promotion, date of last promotion, gender, from August 2001 to April 2005.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

20. Identify each training for each Real Property Policy Division employee, the name of each training courses, the cost of training, and place of training, from 2002-2005.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

21. Identify all monetary award amounts for each MPR employee for fiscal years 2002, 2003, 2004 and 2005. Provide the written rational for each award.

**OBJECTION:**

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

**ANSWER:**

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

22. Identify all GSA employees who were promoted to GS-12 from January 1, 2000 to April 30, 2005. Identify by name, race, gender, job title, and the number of additional months in step grade levels before a promotion was obtained to a GS13.

OBJECTION:

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

ANSWER:

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

23. Identify all GSA employees at the GS-12 level from January 1, 2000 to April 30, 2005, who were not promoted for a ten years period or longer. Identify by name, position, job title, gender and race.

OBJECTION:

Defendant objects because the request seeks information not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is overly burdensome.

ANSWER:

Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing answers are true and correct based on information reasonably available to GSA.

Date: 12/20/07

F. Allen Phaup II
Assistant General Counsel
General Services Administration

As to Objections:

*Jeffrey A. Taylor /dwh*
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

*Rudolph Contreras /dwh*
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

*Claire Whitaker*
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137