EXHIBIT 7



April 11, 2008

**By Email and U.S. Mail**

Claire Whitaker, Esq.
Assistant United States Attorney
United States Attorneys' Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, DC 20530

    Re:   Calhoun V. Doan, Civil Action No. 06-1441 (HHK)

Dear Ms. Whitaker:

    It was a pleasure to see you at Ms. Calhoun's deposition. I am writing in order to follow up on some of the points that were raised concerning documents and discovery.

    I have now gone through the documents that are at our office, and Ms. Calhoun is independently going through her records. Having gone through the ROIs that are in our office, I can represent that they correspond to those in your office. I am still awaiting Ms. Calhoun's review of her ROIs and records. In addition, there are other documents in our office, all of which, with the exception of litigation documents, I presume that we received from the Agency (they were certainly generated by the Agency). They are in no apparent order, and I do not know if this is the fault of my office, your office, or the office of the Agency. I will gladly make all of these documents available for reproduction, and can deliver them to a local Kinkos or Staples, whichever of those two copy centers you should choose. You can then make your own arrangements for the payment and delivery of the photocopied documents.

    With respect to Ms. Calhoun's medical records, we are willing to make records available for the period of her lawsuit. Kindly send the authorization, and we will act accordingly.

    With respect to other documents that you allege may be in Calhoun's possession, I note that, at Ms. Calhoun's deposition, you frequently referred to "other documents" or "additional documents." That is not exactly what Ms. Calhoun said. What Ms. Calhoun said was that the documents in her records may not correspond to those in the Agency's possession, and that she may be missing some documents that were included in the Agency ROI. She also represented that she may have challenged one or more of the EEO acceptance letters in order to state that there were more issues pending. With respect to

documents that she stated that she may not have, this statement suggests that she may have *fewer* documents than the Agency, not more documents. With respect to any legal challenges that she may have made, these are public records and litigation papers that would surely be in the Agency's possession. However, should we find some documents, it would be as much in our interest as in yours to pass them over to you, and we will do so.

      I am, however, concerned about what appears to be the Agency's flip-flop on what documents it has with respect to Responses to Ms. Calhoun's Interrogatories. In Defendant's Response to Plaintiff's First Set of Interrogatories Reservation of Rights, the Agency represented, in numerous responses to Interrogatories, that "Defendant will make available for inspection and copying documents from which the answer to this interrogatory may be derived." To my knowledge, the Agency did not supplement this response. However, in the telephone conversation that I had with you and the Agency Representative, F. Allen Phaup, II, on April 9, 2008, Mr. Phaup first represented that documents would be made available for inspection; and then, when I suggested that I could come to the Agency for just such an inspection, either on April 10, 2008, or April 11, 2008 (I recognize that, given how long the deposition went, this would not have been possible on April 11, 2008. However, we did not know this, and your prediction was that it would be a short deposition). Mr. Phaup then refused to have me come down, partly on grounds of the inconvenience to the Agency, although primarily on grounds that the Agency had produced everything that it has to produce (we agree that this is the primary issue, but Mr. Phaup raised the other point). You then represented, on April 9, 2008, in an email to me, that "[w]e believe that all documents in defendant's possession have been released to plaintiff." You also wrote that "[i]t appears that plaintiff has a general request for more."

      The Agency cannot have it both ways. Either there are additional documents that the Agency has not yet produced, and that the Agency will make available for inspection, as Mr. Phaup represented, under penalty of perjury, on December 20, 2007, or there are not, as Mr. Phaup has represented, and as you now represent, albeit based entirely, I would gather, on your reliance upon Mr. Phaup's representations (I did not get the impression that you had the opportunity to verify independently, between April 9, 2008, and April 10, 2008, that there are no additional documents). The Agency faults Ms. Calhoun for not knowing every document that is in the Agency's possession, and for believing that there may be additional emails, by Mr. Langfeld and others, which pertain to her. She cannot be expected to know absolutely what the Agency possesses in its files, because the entire point of discovery, as you well know, is to find documents that may lead to the finding of evidence that is admissible at trial. The Agency has appropriately requested that Ms. Calhoun look for documents given certain disparities between what the Agency presented and what she recalls. We ask that the Agency look for documents given certain disparities between Mr. Phaup's written representations, under penalty of perjury, on December 20, 2007 and his oral representations, on April 9, 2008, and on April 10, 2008.

During our conversation of April 9, 2009, Mr. Phaup also represented that he could not produce certain documents pertaining to positions for which Ms. Calhoun had applied unless we were to identify the vacancy announcements (an objection that he did not make in the Agency's papers, on December 20, 2007, and that I heard for the first time on April 9, 2008. As you know, we identified those announcements in a letter dated April 9, 2008 and delivered by hand on April 10, 2008. Mr. Phaup had orally represented that there was a defect in the letter. I have subsequently reviewed the letter, and I could not discern the problem to which Mr. Phaup was referring). We are waiting to hear from the Agency.

Finally, I requested, on April 3, 2008, that the Agency make Carol Anadale available for a deposition; and that, given that she no longer works for the Agency, we might need to subpoena her. I had noticed that deposition for April 11, 2008. Although I had written two emails, I did not hear back until April 9, 2008. At that time, you did graciously agree to the possibility of extending discovery to allow for Ms. Anadale's deposition (I understand that you would not agree to extending the discovery deadline for any other reason). Therefore, on April 9, 2008, you emailed that, provided we provide information as to "why plaintiff needs to depose a previously unidentified individual, namely, Ms. Anadale," the Agency would agree to her deposition subsequent to April 25, 2008 (just so that I am not misrepresenting your position, you wrote March, but I assume you meant April). Of course, as we discussed at Ms. Calhoun's deposition, on April 10, 2008, Mr. Phaup's representation, on April 9, 2008, that the Agency had never heard of Ms. Anadale, and that "her name does not appear in the ROIs," is incorrect. As we agreed, not only does Ms. Anadale's name appear in more than one ROI, but also one of the ROIs includes, as an Exhibit, Ms. Anadale's affidavit. Ms. Anadale is also the single witness whose deposition is that we have requested.

We did notice this deposition on April 3, 2005, well within the discovery deadline; and it is because the Agency has thus far been unable to agree to that deposition that we have not been able to select a date. In contrast, I asked Ms. Calhoun to be available for a deposition date that you had tentatively scheduled, but did not confirm until the day before the deposition (the deposition was contingent upon the availability of the Agency counsel).

The point of all this, ultimately, is that there are claims of incomplete responses on both sides, and there have been issues concerning the scheduling of each witness that the other side has requested. However, the Plaintiff has at least agreed to look for documents that may or may not exist, whereas we still do not have any representation that the Agency will do the same. I am still awaiting a response to my letter of April 9, 2008 (we asked that the Agency provide answers to the Interrogatories by April 17, 2008, but the Agency can surely let us know, prior to that time, whether it will be willing to do so). We also made Ms. Calhoun available for her deposition, despite the Agency's failure to confirm the date until the day before, and the Agency is waiting until the day before my scheduled departure Overseas before making a decision concerning Ms. Anadale.

I look forward to your response.

Very truly yours,

James L. Fuchs