UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA


IONA D. CALHOUN,                                    *

                    Plaintiff,                                    Case No. 06-1441-HHK

v.                                                  *
LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration,

                    Defendant                       *


**RESUBMITTED MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION
DEADLINES; OR, IN THE ALTERNATIVE, TO COMPEL THE DEPOSITION OF
CAROL S. ANADALE, AND TO COMPEL RESPONSES TO INTERROGATORIES
AND TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff Iona D. Calhoun, by and through her undersigned attorneys, removes to extend

discovery by thirty days and to extend the dates for dispositive motion deadlines by thirty days.

Alternatively, Plaintiff moves to compel the deposition of Carol S. Anadale and to compel

responses to Interrogatories and to Requests for the Production of Documents.  Plaintiff's

reasons are as follow:

1.  Plaintiff originally submitted her Motion to Extend Discovery and Dispositive Motion

Deadlines; or, in the Alternative, to Compel the Deposition of Carol S. Anadale, and to compel

Responses to Interrogatories and to Requests for the Production of Documents ("Plaintiff's

Motion") on April 15, 2008.  (A copy of Plaintiff's Motion and its exhibits is attached as Exhibit

A).

2. On April 16, 2008, this Court denied Plaintiff's Motion without Prejudice on grounds that

1

Plaintiff had not sought Defendant's consent.  (A copy of this Court's Minute Order is attached hereto as Exhibit B, page 6).

3. Plaintiff sought Defendant's consent for the extension on several occasions.

4.  Defendant's counsel stated to Plaintiff's counsel on several occasions that Defendant's counsel would not consent to an extension of the discovery deadline.  Defendant's counsel memorialized Defendant's refusal to agree to an extension of time in an email to the Plaintiff's counsel, dated May 5, 2008.  (*See* Email from Claire Whitaker to James Fuchs, dated May 5, 2008, which is attached hereto as Exhibit C).

5.  Since that time, in an effort to reach an agreement, without requesting that this Court intervene, the Plaintiff's counsel and Defendant's counsel have had numerous conversations, and even agreed to extend the time in which the parties to make a dispositive motion.

6.  Nonetheless, although the Plaintiff's counsel requested several times that Defendant produce documents that it had initially agreed it would produce and respond to the Plaintiff's Interrogatories, in the end, 47 days after the Plaintiff had first submitted Plaintiff's Motion, tDefendant has provided the Plaintiff with nothing in writing.  *Defendant has not even provided the Plaintiff with Ms. Anadale's last address, which the Plaintiff needs in order to subpoena (and depose) Ms. Anadale, and which the Plaintiff has requested from Defendant several times.*

7.  Although Defendant's counsel reported, by email, on May 25, 2008, that she did "have news," (*see* email from Claire Whitaker to James Fuchs, dated May 25, 2008, which is attached hereto as Exhibit D),  that news consisted of a statement that the Plaintiff had "not made the first cut" on a position for which she had applied.  This "news" does not answer any of the Interrogatories, does not constitute a document, and has not brought the parties any closer to

resolving their discovery dispute than they were before.

8.  Finally, since the numerous conversations and letters exchanged between the Plaintiff's counsel and Defendant's counsel have not resulted in the production of one document or the answer to one Interrogatory, the Plaintiff's counsel sent an email to Defendant's counsel in which the Plaintiff's counsel stated that "I must protect my client's interests."  (*See* email from James Fuchs to Claire Whitaker, dated May 26, 2008, which is also attached hereto as Exhibit D).   The Plaintiff's counsel further stated that "[u]nless we have all of the documents that we have requested, and answers to all of the Interrogatories, in our office by 4:00 p.m. tomorrow, May 27, 2008, we will have no choice but to renew the motion to extend discovery and/or compel."  (Exhibit D).

9. Defendant's counsel has still not provided one further document nor answered one Interrogatory question.

10. Hence, this Motion is necessary.

WHEREFORE, Plaintiff requests that Plaintiff's Motion to extend discovery by 30 days, to

extend to the dates for dispositive motions by 30 days; or, in the alternative, to compel the

deposition of Carol S. Anadale, and to compel Responses to Interrogatories and the production of

documents be granted.


Dated:  May 27, 2008                    Respectfully Submitted,


                                        _____/s/_____
                                        James L. Fuchs, Esq. Bar No. 454514
                                        Law Offices of Snider & Associates, LLC
                                        104 Church Lane Suite 100
                                        Baltimore, Maryland 21208
                                        410-653-9060 Phone
                                        410-653-9061 Fax

                                        Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA


IONA D. CALHOUN,                              *

                Plaintiff,                     Case No. 06-1441-HHK

v.                                           *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration,

              Defendant           *


## <u>REVISED AFFIRMATION OF GOOD FAITH</u>


1. As set forth in the attached Motion to Extend Discovery by 30 days, to extend depositions by 30 days, to compel the deposition of Carol S. Anadale, and to compel responses to Interrogatories and to requests for the production of documents, Plaintiff's counsel tried to obtain Defendant's counsel's agreement several times in setting a deposition date for Ms. Anadale.

2. The Agency refused to agree to this deposition, even though Plaintiff's initial request was within the discovery period.  Subsequently, Defendant's counsel purported to agree to the deposition, but Defendant's counsel provided the Plaintiff's counsel with nothing in writing and, to this day, and not even provided the Plaintiff's counsel with Ms. Anadale's last known address.

3. Defendant first represented that it would make documents available for inspection, then refused to do so, then maintained that there are no documents left to produce, and then failed to produce documents upon the Plaintiff's having tired of Defendant's constant jockeying about with respect to said documents.

4. Defendant had failed to explain the disparity between its responses to Interrogatories, in which it stated that such documents would be made available for inspection and its oral representations that there are no more documents.

5. The Plaintiff's counsel has stated previously that Plaintiff's counsel would accept an affidavit from Defendant's counsel and Agency's counsel, although Plaintiff's counsel has seriously question as to how well the Agency's counsel knows the records, and is thus in a position to submit an Affidavit.

6. The Plaintiff's counsel and Defendant's counsel have consulted several times.  The bottom line is that Defendant's counsel has refused to agree to a discovery extension (even though she was consulted), has failed to provide documents, has failed to answer Interrogatories, and, ultimately, when informed that the Plaintiff would have no choice but to renew Plaintiff's Motion to Extend the Discovery Deadline or, alternatively, to Compel, has failed to respond.

7. The Plaintiff's counsel must protect the Plaintiff's interests..

8. Again, the Plaintiff's counsel sought Defendant's counsel's consent for an extension on several occasions.

9. Defendant's counsel stated to Plaintiff's counsel on several occasions that Defendant's counsel would not extend to an extension of the discovery deadline.

10. Defendant's counsel was informed that if Defendant's counsel did not produce documents and respond to Interrogatories by May 27, 2008, Defendant's counsel would have no choice but to renew the Plaintiff's Motion to Extend Discovery or, alternatively, to Compel.

11. The Plaintiff's counsel tried numerous times to negotiate with Defendant's counsel;  but, notwithstanding various assurances from Defendant's counsel, the Plaintiff's counsel received not one document, and not one answer to Interrogatories.

12. Again, the Plaintiff's counsel informed Defendant's counsel that the Plaintiff's counsel would refile the instant Motion if Defendant's counsel failed to respond by May 27, 2008.

13. Hence, this motion is necessary


Dated:  May 27, 2008


_____/s/_____

James L. Fuchs