UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                    *

        Plaintiff,                    Case No. 06-1441-HHK

v.                                  *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration,

        Defendant                    *

**MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES; OR, IN THE ALTERNATIVE, TO COMPEL THE DEPOSITION OF CAROL S. ANADALE, AND TO COMPEL RESPONSES TO INTERROGATORIES AND TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff Iona D. Calhoun, by and through her undersigned attorneys, moves to extend discovery by thirty days and to extend the dates for dispositive motion deadlines by thirty days. Alternatively, Plaintiff moves to compel the deposition of Carol S. Anadale and to compel responses to Interrogatories and to Requests for the Production of Documents. Plaintiff's reasons are as follow:

1. Although discovery is presently scheduled to end on April 25, 2008, and although this Court granted a motion to extend on March 3, 2008, numerous discovery disputes remain unresolved. Plaintiff's counsel advised Defendant's counsel of these outstanding discovery disputes, in a letter dated March 31, 2008 (the "March 31 Letter") (a copy of which is attached hereto as Exhibit 1). These disputes include, *inter alia*, (1) Defendant's failure to answer Interrogatories sufficiently; (2) Defendant's failure to produce documents responsive to those Interrogatories;

and (3) Defendant's failure to respond to various requests for production.

2. In the March 31 Letter, Plaintiff's counsel reminded Defendant's counsel that Plaintiff's counsel would be out of the country from April 15, 2008 to April 29, 2008. In an effort to cooperate fully with Defendant's counsel, Plaintiff's counsel suggested that Plaintiff's deposition be held prior to that date. Plaintiff's deposition was therefore held on April 10, 2008.

3. In response to Plaintiff's counsel's concerns concerning the unresolved discovery matters, Defendant's counsel represented that she would discuss the matter with the Agency's counsel. (A copy of Defendant's counsel's email is attached hereto as Exhibit 2).

4. On April 3, 2008, well within the discovery period, Plaintiff's counsel notified Defendant's counsel that Plaintiff's counsel sought to depose a former Agency employee, Carol S. Anadale. Plaintiff's counsel set April 11, 2008 for the deposition date, but noted that, if the Agency would not agree to produce Ms. Anadale, Plaintiff's counsel would subpoena her, in which case the deposition would be set for April 14, 2008. (A copy of the letter sent on April 3, 2008 is attached hereto as Exhibit 3).

5. Plaintiff's counsel therefore asked Defendant's counsel to let him know if the Agency would agree to produce Ms. Anadale, or if Plaintiff's counsel would need to subpoena her.

6. Plaintiff's counsel also sent Defendant's counsel a Second Set of Interrogatories and Request for Production of Documents.

7. Plaintiff's counsel followed up with a telephone call to Defendant's counsel on April 8, 2008. (*See* Exhibit 2).

8. On April 9, 2008, Plaintiff's counsel held a telephone conference with Defendant's counsel as well as the Agency's counsel. The Agency's counsel represented that he had never heard of Ms.

Anadale. The Agency's counsel further represented, incorrectly, that Ms. Anadale's name did not appear in any of the ROIs. In fact, not only does Ms. Anadale's name appear in several ROIs, but her Affidavit is an exhibit to an ROI.

9. In the April 9, 2008 conference, Defendant's counsel represented that she might agree to have Ms. Anadale's deposition taken outside of the discovery period, but that she would nto agree unless Plaintiff could explain why she "needs to depose a previously unidentified individual, namely, Ms. Anadale." (*See* Email from Claire Whitaker to James Fuchs, dated April 9, 2008 (which is attached hereto as Exhibit 5)).

10. Had Defendant's counsel responded to Plaintiff's counsel in a timely manner, Plaintiff's counsel would have simply subpoenaed Ms. Anadale, if the Agency had refused to produce her.

11. In the April 9, 2008 conference, the Agency's counsel also represented that Plaintiff's counsel could inspect documents at Agency's counsel's office.

12. When Plaintiff's counsel offered to do just that, the Agency's counsel then refused to set a time for Plaintiff's counsel to inspect, partly on grounds that the Agency's counsel did not want to be inconvenienced, although primarily on grounds that the Agency had produced all responsive documents. (*See* Email from James Fuchs to Claire Whitaker, dated April 9, 2008 (which is included in Exhibit 5) and Email from Claire Whitaker to James Fuchs, dated April 9, 2008 (Exhibit 5).

13. This is the first time that the Agency had represented that it had produced all documents. Indeed, this response is contrary to the Agency's representations in the Agency's Responses to Interrogatories, dated December 20, 2007, in which the Agency represented that it would make documents responsive to Interrogatories available for inspection. (A copy of the Agency's

Responses to Interrogatories is attached hereto as Exhibit 6).

14. To date, the Agency has not agreed to Ms. Anadale's deposition.

15. Nor has the Agency explained the disparity between the Agency's written responses to Interrogatories and its oral representations, even though Plaintiff's counsel pointed out this disparity in a letter dated April 11, 2008. (A copy of this letter is attached hereto as Exhibit 7).

16. In the August 9, 2008 conference, the Agency agreed to produce documents responsive to Plaintiff's Interrogatories concerning vacancy announcements, if Plaintiff were to provide the Agency with the numbers of the Agency announcements in question.

17. Plaintiff's counsel would accept an affidavit stating that Defendant has produced all responsive documents.

18. Plaintiff's counsel provided Defendant's counsel with the vacancy announcements in a letter dated August 9, 2008. (A copy of this letter is attached hereto as Exhibit 8).

19. Defendant's counsel has not provided Plaintiff's counsel with these documents either.

20. Because Plaintiff's counsel is planning to leave the country on April 15, 2008, and because these discovery disputes have not yet been resolved, this motion is necessary.

WHEREFORE, Plaintiff requests that Plaintiff's Motion to extend discovery by 30 days, to extend to the dates for dispositive motions by 30 days; or, in the alternative, to compel the deposition of Carol S. Anadale, and to compel Responses to Interrogatories and the production of documents be granted.

Respectfully Submitted,

____/s/_____
James L. Fuchs, Esq. Bar No. 454514
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                           *

        Plaintiff,                              Case No. 06-1441-HHK

v.                                          *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration,
                                      *

        Defendant                              *

## **AFFIRMATION OF GOOD FAITH**

1. As set forth in the attached Motion to Extend Discovery by 30 days, to extend depositions by 30 days, to compel the deposition of Carol S. Anadale, and to compel responses to Interrogatories and to requests for the production of documents, Plaintiff's counsel tried to obtain Defendant's counsel's agreement several times in setting a deposition date for Ms. Anadale.

2. The Agency has refused to agree to this deposition, even though Plaintiff's initial request was within the discovery period.

3. Defendant has also represented that it will make documents available for inspection, but now refuses to do so, and maintains that there are no documents left to produce.

4. Defendant has failed to explain the disparity between its responses to Interrogatories, in which it stated that such documents would be made available for inspection and its oral representations that there are no more documents.

5. Plaintiff's counsel would accept an affidavit from Defendant's counsel and Agency's counsel.

6. Plaintiff's counsel and Defendant's counsel have been playing phone and email tag, but Plaintiff's counsel must protect his client.

7.

8. Hence, this motion is necessary

_____
James L. Fuchs