UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IONA D. CALHOUN,                )<br>        Plaintiff,                )<br>                                 )<br>v.                               )<br>                                 )<br>DAVID L. BIBB, Acting Administrator, )<br>U.S. General Services Administration, )<br>                                 )<br>        Defendant.               )<br>_____) | Case No. 06-1441-HHK/JMF |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY
AND DISPOSITIVE MOTION DEADLINES; OR, IN THE ALTERNATIVE, TO COMPEL
THE DEPOSITION OF CAROL S. ANADALE, AND TO COMPEL RESPONSES TO
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant responds to Plaintiff's Motion to Extend Discovery and Dispositive Motion Deadline; or to Compel the Deposition of Carol S. Anadale, and Responses to Interrogatories and Requests for the Production of Documents as follows:

Discovery closed on April 25, 2008; dispositive motions are due on June 12, 2008.[1] As the attached email exchange shows, defendant has no objection to the deposition of Ms. Anadale and to extending the dispositive motion due date. Attachment 1; see also, email exchanges attached to Plaintiff's Motion. Defendant also does not object to an extension of the discovery period as long as the extension is for the limited purposes of (1) taking the depositions of Ms. Anadale and plaintiff's treating physician, Dr. John McNeil; (2) exchanging documents already requested, including plaintiff's medical records, and (3) supplementing responses to

---

[1] Although defendant agreed to a stipulation drafted by plaintiff's counsel to extend the dispositive motion due date to June 12, 2008, this stipulation does not appear to have been placed on the docket of this case.

interrogatories previously propounded by both parties.[2] Defendant's counsel believed that the parties had an agreement with regard to these matters on or about May 5, 2008. See Email exchanges of May 5 and 7, 2008; Attachment 1. Accordingly, defendant proposes the following schedule for depositions and additional disclosures:

| Event | Deadline |
|---|---|
| Document production of Plaintiff's Medical Records | July 1, 2008 |
| Interrogatories responses to Target Information    See Attachment 1 at May 7, 2008 (letter of 4/9/08) | July 1, 2008 |
| Document production by Defendant    (if additional documents found) | July 1, 2008 |
| Documents identified by Ms. Calhoun at deposition | July 15, 2008 |
| Depositions of Anadale and McNeil | July 20, 2008 |
| Dispositive Motions | August 18, 2008 |
| Oppositions | September 8, 2008 |
| Replies | September 15, 2008 |

Defendant's counsel attempted unsuccessfully to confer with plaintiff's counsel concerning this schedule, but no one in the law firm answered the telephone.

## Discussion

This motion was first filed on April 15, 2008. However, it was denied for failure to consult with opposing counsel. On May 4, 2008, after the close of discovery, plaintiff contacted

---

[2] Although defendant has not raised the inadequacies in plaintiff's responses to defendant's January 3, 2008, discovery, which were responded to on March 31, 2008, a cursory review of those responses [Attachments 3 & 4], shows the paucity of information provided. Defendant hoped, through consultation with plaintiff's counsel, to resolve disputes with these responses among the parties.

undersigned counsel primarily assigned to the case and asked her to "make a motion to extend the discovery deadline. . ." Plaintiff's Motion at R. 29-12, p. 1. On that same day, defendant's counsel indicated that defendant opposed a general extension of discovery but would agree to the depositions of Ms. Anadale and plaintiff's doctor. See Attachment 1 (email of 5/5/08). In addition, defendant indicated that it would attempt to augment its written discovery responses, to the extent additional information could be located, and expected plaintiff would do the same. Id. From plaintiff's counsel's email of May 5, 2008, defendant's counsel believed that plaintiff's information concerning documents would be forthcoming. The parties also agreed to file a joint stipulation extending the dispositive motion deadline.

Defendant's counsel was hopeful that the parties had resolved their differences by attempting to augment their disclosures to bring this case to issue.[3] However, it appears that both parties have been extremely busy and counsel have had difficulties reaching each other. Indeed, both counsel have been out-of-town or out of the office when the other has called. Defendant's counsel does not believe that, since May 7, 2008, the parties have actually exchanged communications directly concerning the instant motion.

Defendant does understand that plaintiff has expressed impatience with the defendant's objections to plaintiff's very broad discovery requests. In response, defendant notes that this is not a class action, and it is not a "pattern or practice" case. It is a single plaintiff challenging

---

[3] As Attachments 3 & 4 show, defendant requested plaintiff's medical records. Although plaintiff avers in her responses to defendant's Document Request # 9 & Interrogatory # 14 that she has provided medical records and is "supplementing" this production, defendant has not received medical records during this litigation. Attachment 2 shows that plaintiff promised to provide such information after receipt of a medical release. However, now plaintiff refuses to sign the medical release. Again, defendant is hopeful that these matters may be resolved without Court intervention.

several discrete employment actions. The decisions plaintiff challenges were made by two individuals. One selection was made by Paul Whitson. He made no other decisions challenged in this case. The other selections, and the other actions challenged by plaintiff were all decisions made by Stanley Langfeld. Most of plaintiff's discovery requests, even the ones defendant has agreed to provide responses to, go far beyond the issues here and seek agency-wide information. They also seek information about decisions made by other decision makers, in different offices, at different times, related to other employees (as distinguished from information about other decisions made by Whitson and Langfeld). Suffice it to say, as the responses [attached to plaintiff's motion] show, objections have been properly lodged against these requests. Plaintiff's Motion at Docket 29-8. However, in a spirit of cooperation and full disclosure of relevant information, defendant has agreed to continue to seek information directly related to certain specific nonselections as identified by plaintiff.

Accordingly, defendant respectfully requests that the schedule proposed above be entered by this Court. Should discovery disputes continue after these events have occurred, either party could seek judicial assistance at that time. A proposed order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney