# Attachment 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IONA D. CALHOUN,<br><br>Plaintiff,<br><br>v.<br><br>LURITA A. DOAN, ADMINISTRATOR,<br><br><br>LURITA A. DOAN, ADMINISTRATOR,<br>GENERAL SERVICES ADMINISTRATION,<br><br>Defendant. | Civil Action N: 06-1441 (HHK) |

## PLAINTIFF'S RESPONSES TO AGENCY'S REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff, Iona Calhoun ("Plaintiff"), by and through her undersigned representative and counsel, hereby objects and responds, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, to the defendant's request for production of documents as follows:

### GENERAL OBJECTIONS

These general objections apply to each Request for Production of Documents as though restated in full in Plaintiff's responses to each Request:

1. Plaintiff objects to any and all discovery requests to the extent that they seek information protected from disclosure by the attorney/client, attorney work product, deliberative process, or any other applicable privilege.

2. Plaintiff objects to any and all discovery requests to the extent that they seek disclosure of the mental impressions, conclusions, opinions, legal research, and legal theories of counsel.

3. Plaintiff objects to any and all discovery requests to the extent that they seek to discover the manner or method of proof at trial.

4. Plaintiff objects to any and all discovery requests to the extent that they seek information of a confidential or proprietary nature on the grounds that such information, if it is otherwise discoverable, should not be provided unless and until an appropriate order protecting the confidentiality of such information has been entered.

5. Plaintiff objects to any and all discovery requests to the extent that they seek information which is irrelevant, overbroad, unduly burdensome to produce, or not reasonably calculated to lead to the discovery, of admissible evidence.

6. Plaintiff objects to any and all discovery requests to the extent that they seek information which would require an unreasonable search to uncover.

7. Plaintiff objects to any and all discovery requests to the extent that they seek information which is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

## **CONDITIONS**

1. This response is made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

a) All objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

b) The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

c) The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these requests for documents; and

d) The right at any time to revise, correct, supplement, clarify, or amend this response in accordance with the Federal Rules of Civil Procedure.

2. All responses to these requests are based on Plaintiff's best understanding of the Requests and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which the Plaintiff understood the Requests and/or the terms used therein.

3. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

In response to the defendant's enumerated requests for the production of documents, Plaintiff responds as follows:

1. All documents upon which you relied, and/or which you reviewed and/or consulted, in answering the Agency's Interrogatories propounded to you in this action.

**Response:** See ROI.

2. All documents provided to each person who is acting or has acted as a consultant or expert on your behalf regarding the claims upon which this action is based, or who will testify as an expert at trial.

**Response:** N/A

3. All documents upon which you rely in support of, and/or which relate to, your allegations and/or claims in this action.

**Response:** *See* Response #1.

4. All documents which relate to, refer to, mention, describe, memorialize, constitute and/or contain communications to you from any person, or from you to any person, regarding the allegations in this action.

**Response:** *See* Response #1

5. All documents upon which you rely in support of your claims for monetary relief in this action. *See also* medical records that have already been provided.

**Response:** *See* ROI

7. All written statements made by anyone related to your allegations in this action.

**Response:** *See* Response #1

8. All documents the identification of which is requested in the Agency's Interrogatories propounded to you in this action.

4

**Response:**   N/A

9. Your medical records from, and all documents reflecting communications with, all health care professional whom you have consulted as a result any alleged harm to your mental or physical health as a result of the acts of discrimination alleged by you. This includes all documents reflecting communications with, all health care professionals you have consulted for any reason from December 1999 to the present.

**Response:**   Plaintiff has already produced medical records responsive to this Request. Plaintiff is in the process of supplementing her production of these records.

Dated: March 31, 2008
Baltimore, MD

James L. Fuchs, Esq.
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax
jfuchs@sniderlaw.com

5