# Attachment 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IONA D. CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action N. 06-1441 (HHK) |
| ) | |
| LURITA A. DOAN, ADMINISTRATOR, ) | |
| ) | |
| LURITA A. DOAN, ADMINISTRATOR, ) | |
| GENERAL SERVICES ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Iona D. Calhoun ("Plaintiff") hereby submits her Responses to the First Set of Interrogatories of Defendant Lurita A. Doan, Administrator, General Services Administration ("Defendant" or "Agency").

**GENERAL OBJECTIONS**

1. Plaintiff objects to Defendant's instructions, definitions, and interrogatories to the extent that they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia.

3

2. Plaintiff objects to Defendant's interrogatories to the extent that they seek information and/or documents that are not within Plaintiff's possession, custody or control.

3. Plaintiff objects to each and every interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege recognized by law.

4. Plaintiff objects to the time frame of these interrogatories to the extent they render the interrogatories unduly burdensome and overbroad and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to the extent that a responsive answer to any interrogatory may be easily ascertained from documents or information in the possession of Defendant or Defendant's employees and/or agents.

6. Plaintiff objects to the number of Defendant's interrogatories to the extent that they exceed the limit provided by Rule 33 of the Federal Rules of Civil Procedure.

These general objections are applicable to each interrogatory and will not be repeated unless necessary for clarification.

## STATEMENT

Plaintiff makes these responses without waiving her right: (i) to object to the admissibility in evidence of these responses; (ii) to object to further discovery related to subject matters encompassed within Defendants' interrogatories; (iii) to supplement her objections in the event additional pretrial preparation results in the discovery of

**ANSWER:**

*See* the Transcript of the Deposition of Wanda Peterson-Parker, dated August 12, 2005 ("Peterson-Parker TR"). Plaintiff is also seeking an affidavit from Plaintiff's former supervisor, Richard Kellett.

4. Identify each GSA employee, and/or any other person, whom you claim was similarly-situated to you, but who is not African American and/or black, whom you contend was treated differently than you, because of that person's or your race and/or color, and identify and describe with particularity each and every factual basis for your claim that each person identified was similarly situated to you and how each person was treated differently, and the factual basis for your claim that the alleged different treatment constitutes evidence of discrimination.

**ANSWER:**

The selectee, Ms. Bradfield who was not nearly as qualified as Plaintiff for the position with respect to work experience, education, knowledge, and abilities. Plaintiff should have been selected for this position. The selecting official, Ms. Peterson-Parker, also testified that Ms. Bradfield was the least qualified of three applicants, and that Ms. Calhoun was the most qualified. Ms. Peterson-Parker testified that she believed that she was given a directive by Mr. Whitson to select Ms. Bradfield, even though Ms. Calhoun is much more qualified. Ms. Peterson-Parker also testified that she thought that there was an atmosphere of racial discrimination at GSA. *See* ROI; Peterson-Parker TR.

5. Identify each GSA employee, and/or any other person, whom you claim was similarly situated to you, but who is male, whom you contend was treated differently than you, because of that person's or your sex, and identify and describe with particularity each and every factual basis for your claim that each person identified was similarly situated to you and how each person was treated differently, and the factual basis for your claim that the alleged different treatment constitutes evidence of discrimination.

**ANSWER:**

*See* the Transcript of the Deposition of Wanda Peterson-Parker, dated August 12, 2005 ("Peterson-Parker TR"). Plaintiff is also seeking an affidavit from Plaintiff's former supervisor, Richard Kellett.

4. Identify each GSA employee, and/or any other person, whom you claim was similarly-situated to you, but who is not African American and/or black, whom you contend was treated differently than you, because of that person's or your race and/or color, and identify and describe with particularity each and every factual basis for your claim that each person identified was similarly situated to you and how each person was treated differently, and the factual basis for your claim that the alleged different treatment constitutes evidence of discrimination.

**ANSWER:**

The selectee, Ms. Bradfield who was not nearly as qualified as Plaintiff for the position with respect to work experience, education, knowledge, and abilities. Plaintiff should have been selected for this position. The selecting official, Ms. Peterson-Parker, also testified that Ms. Bradfield was the least qualified of three applicants, and that Ms. Calhoun was the most qualified. Ms. Peterson-Parker testified that she believed that she was given a directive by Mr. Whitson to select Ms. Bradfield, even though Ms. Calhoun is much more qualified. Ms. Peterson-Parker also testified that she thought that there was an atmosphere of racial discrimination at GSA. *See* ROI; Peterson-Parker TR.

5. Identify each GSA employee, and/or any other person, whom you claim was similarly situated to you, but who is male, whom you contend was treated differently than you, because of that person's or your sex, and identify and describe with particularity each and every factual basis for your claim that each person identified was similarly situated to you and how each person was treated differently, and the factual basis for your claim that the alleged different treatment constitutes evidence of discrimination.

**ANSWER:**

Similarly-situated male employees were not treated the same with respect to training, leave, and/or evaluations for consideration for training, promotion, and career advancement. *See also* Response to Interrogatory No. 4.

6. Identify each GSA employee, and/or any other person, whom you claim was similarly situated to you, but who has not engaged in protected EEO activity, whom you contend was treated differently than you, because of that person engaging in protected EEO activity, and identify and describe with particularity each and every factual basis for your claim that each person identified was similarly situated to you and how each person was treated differently, and the factual basis for your claim that the alleged different treatment constitutes evidence of discrimination.

**ANSWER:**

The selectee, Ms. Bradfield, who was not nearly as qualified as Plaintiff for the position with respect to work experience, education, knowledge, and abilities. Plaintiff should have been selected for this position. *See also* Response to Interrogatory No. 4.

7. Identify each GSA employee, and/or any other person, whom you claim was similarly situated to you, but who is younger than you, whom you contend was treated differently than you, because of that person's age, and identify and describe with particularity each and every factual basis for your claim that each person identified was similarly situated to you and how each person was treated differently, and the factual basis for your claim that the alleged different treatment constitutes evidence of discrimination.

**ANSWER:**

The selectee, Ms. Bradfield, who was not nearly as qualified as Plaintiff for the position with respect to work experience, education, knowledge, and abilities. Plaintiff should have been selected for this position. *See also* Response to Interrogatory No. 4.

8. State with particularity all facts, and identify all documents, upon which you rely in support of your allegations that your transfer in August 2001 was a direct result of you engaging in lawful protected activity, was based on your race and/or color, was based on your gender, and/or was based on your age.

**ANSWER:**

*See* ROI; Peterson-Parker TR.

9. If you claim that Paul Whitson had knowledge of your prior EEO and/or other protected activity, state with particularity all facts, and identify all documents, upon which you rely in support of your claim. In answering this interrogatory, state what EEO and/or other protected activity of which he was aware and how and when he acquired that knowledge.

**ANSWER:**

*See* ROI; Peterson-Parker TR.

10. State with particularity when you first claimed to GSA's Office of Civil Rights that your transfer in August 2001 was the result of impermissible discrimination. Identify all documents which evidence, memorialize, refer to, constitute or contain such a claim.

**ANSWER:**

*See* ROI; Peterson-Parker TR.

11. State with particularity all facts, and identify all documents, upon which you rely in support of your allegation that you performed the job duties of a GS-14, Program Expert, with equal skill, effort and responsibility as similarly-situated male employees working for GSA.

**ANSWER:**

*See* ROI; Peterson-Parker TR.

12. Identify all persons whom you allege discriminated against you on any and all bases alleged by you in this manner. For each person identified, state that person's name and title and describe each act of discrimination (including its basis) committed by each person identified, stating the date, time, place and impact upon you of each act of discrimination.

**ANSWER:**

See ROI at page 4; Peterson-Parker TR.

13. Describe with specificity all relief and/or remedies (monetary and/or otherwise) sought by you in this action. State all facts, and identify all documents, upon which you rely in support of your contention that you are entitled to such relief. If you seek monetary relief, itemize the amount of money to which you allege you are entitled and state all facts, and identify all documents, upon which you rely in support of your allegation that you are entitled to that amount of money.

**ANSWER:**

Retroactive promotion to a GS-14-10, a retirement based upon a GS-14-10, back pay from 1998, interest on back pay from 1998, lost pension money, attorneys' fees, and compensatory damages for pain and suffering.

14. Identify all health care professional whom you have consulted as a result any alleged harm to your mental or physical health as a result of the acts of discrimination alleged by you, stating the date(s) on which you consulted each such health care professional and the diagnoses and/or prognoses given by each health care professional consulted by you. Identify all documents which memorialize, evidence, describe, mention, and/or result from such consultations. This includes all health care professionals you have consulted for any reason from December 1999 to the present, stating the date(s) on which you consulted each such health care professional and the diagnoses and/or prognoses given by each care professional consulted by you. Identify all documents which memorialize, evidence, describe, mention, and/or result from such consultations.

**ANSWER:**

> Plaintiff has provided to the Agency records that name all health care providers. Plaintiff is presently supplementing the documents in question.

15. There is no Interrogatory 15.

16. Compare your qualifications to those of the person(s) selected for any position for which you allege you were not selected because of the discrimination alleged in your Complaint, and explain with particularity why you allege you were more qualified for the position than the person selected.

**ANSWER:**

> *See* ROI, Tab 5 and Tab 6. Ms. Bradfield was not nearly as qualified as Plaintiff for the position with respect to work experience, education, knowledge, and abilities. *See* also Response to Interrogatory No. 4; Peterson-Parker TR.

17. Identify all conversations you have had with any person, other than attorneys from whom you have sought legal advice in connection with pursuing your claims in this matter, about your allegations of discrimination against GSA in this matter. For each conversation identified:

    a. identify the participants in the conversation;

    b. identify the date, time and place the conversation took place;

    c. describe what each participant in the conversation said; and

    d. identify all documents which relate to, refer to, memorialize, digest, summarize, evidence and/or describe each conversation.

**ANSWER:**

Ms. Wanda Peterson Parker: Plaintiff spoke to her and was told that Ms. Parker did as she was told.

Plaintiff's immediate family at the time was aware of Plaintiff's considerable anguish.

Reviewed and Signed by:

_March 30, 2008_
Date

_Mrch 31 2008_
Date

_Iona Calhoun_
Ms. Iona Calhoun

_[signature]_
James L. Fuchs, Esq.