## James Fuchs

**From:** Whitaker, Claire (USADC) [Claire.Whitaker@usdoj.gov]
**Sent:** Wednesday, April 09, 2008 3:15 PM
**To:** James Fuchs
**Subject:** RE: Calhoun - Telecon between the parties on 4/9/08

I only meant secondary in the sense that the real issue was the identification of the documents plaintiff wants to inspect. 10:15 am is fine with me.

**From:** James Fuchs [mailto:jfuchs@sniderlaw.com]
**Sent:** Wednesday, April 09, 2008 2:40 PM
**To:** Whitaker, Claire (USADC)
**Subject:** RE: Calhoun - Telecon between the parties on 4/9/08

Claire,

I already sent the letter, which covers some, although not all, of the points that you raise here. We can confer tomorrow. If there is need for me to send another letter, I will send it. Obviously, you are free to send me a letter from Defendant's perspective.

Prior to tomorrow, I will also sort through again all the documents that we have. I do not consider an inspection "secondary" if there are documents that we need. However, my objective, as I am sure is yours, to try to work things out as amicably as possible.

I look forward to seeing you tomorrow. Will it be 10 on the dot, or closer to 10:15? I ask only because it will affect what train I take.

James

**From:** Whitaker, Claire (USADC) [mailto:Claire.Whitaker@usdoj.gov]
**Sent:** Wednesday, April 09, 2008 2:18 PM
**To:** James Fuchs
**Subject:** Calhoun - Telecon between the parties on 4/9/08

James,

My understanding of the telecom between you, me and Allen Phaups of GSA, was that you were going to ask your client to clarify what is being requested in **Document Requests 7 & 8.** We believe that all documents in defendant's possession have been released to plaintiff. It appears that plaintiff has a general request for more. We are willing to make documents not included in our release, should there be any, for inspection as long as we know what they are or what plaintiff believes has not been provided. Setting a date for an inspection was clearly secondary as you did not know what it is that plaintiff believes needs to be inspected. In any event, you suggested tomorrow or Friday because you are going out of town. If we can identify what plaintiff thinks is missing, we can try to arrange an inspection on Friday, or before discovery closes if you want to send a colleague with plaintiff.

Any letter that you provide should memorialize the above understanding and include, at a minimum, the documents that plaintiff has failed to produce in responses to defendant's document request, as we discussed. It should also explain why plaintiff needs to depose a previously unidentified individual, namely, Ms. Anadale. Should you provide such information and are personally unavailable for a deposition of this individual before discovery closes on March 25, 2008, defendant will agree to extend discovery for that limited purpose, only. Defendant will oppose any other extension of the discovery

period.

As I mentioned on our telecon, defendant believes plaintiff has abuse the discovery process by not providing responsive answer to written discovery and has forced defendant to proceed with plaintiff's deposition without the benefit of complete responses. Defendant's discovery was served on plaintiff on January 2, 2008. Plaintiff's incomplete, vague and unresponsive answers to written discovery were served on March 31, 2008, more than three months after service and by email.

AUSA Claire Whitaker
202-514-0502

---

**From:** James Fuchs [mailto:jfuchs@sniderlaw.com]
**Sent:** Wednesday, April 09, 2008 1:20 PM
**To:** Whitaker, Claire (USADC)
**Subject:** Calhoun

Claire,

To memorialize at least a part of our conversation today, it is your client's position that (1) It has responded fully to our Interrogatories and document requests, save to the extent that it is checking with one Agency employee today; and (2) your client has not agreed to my inspecting documents tomorrow or Friday, on grounds partly of your client's convenience, but primarily on grounds of your client's representation that it has produced everything that it has in response to our first requests.
If this is not your understanding, please notify me immediately. I will also follow this up with a letter that says the same thing, for the sake of convenience.

Very truly yours,


James L. Fuchs