Memo-to-file:
Regarding: Interview with Patricia Lewis, Human Resources Specialist, GS-13
(Female, African American, no prior EEO claim)

Ms. Lewis served as the Personnel Specialist responsible for processing the selection action for vacancy announcement #01004103. During the December 2000 selection, Ms. Lewis was aware of the Complainant's prior EEO activity because she had previously been asked to process a promotion, which was the result of the Complainant previous complaint.

Ms. Lewis stated that at the time of the selection action in question, applications were rated in one of three categories (satisfactory, above average, or best qualified). She recalled that thee applicants were referred and rated in either the above average or best-qualified categories.

Ms. Lewis recalled that based on the resumes of the applicants, the selectee seemed more qualified due to her compute and information technology experience. She remembered that the Complainant and the other applicant had more analytical work experience, which was less applicable to the position description.

Ms. Lewis stated that she no longer had copies of the SF171s. She stated that they are normally shredded two years after the closing date on the announcement. She did not recall ever being asked to hold on to the folder. Regarding the length of time of the posting, Ms. Lewis stated that merit promotion guidelines require that a position be advertised for a minimum of 5-business days. She confirmed that the vacancy in question had been posted for five days. Ms. Lewis also confirmed that the Office of Information Technology had a practice of having a reviewing official for selections at the GS-15 level. This vacancy was for a GS-14 and she was not surprised that there was no signature in the reviewing official category.

Regarding Mr. Whitson, Ms. Lewis stated that she had worked with him 1988. She said that she, "always admired him for his professional and business-minded approach. I never even heard him make a joke or make a comment that was derogatory. I also never heard him say that he was more interested in one candidate over another." She further commented, " I do not believe that this selection was in anyway motivated by discriminatory factors."

Ms. Lewis stated that she had worked with Mr. Horan since sometime in the late 1980's or early 1990's. She stated that he had always been very professional and fair-minded. She stated that he did things in a very straightforward way, was trustworthy and had never made any derogatory or discriminatory comments in her presence.

Ms. Lewis recalled that working with Ms. Peterson-Parker only on two occasions, the selection in question and one other more recent occasion. She stated that Ms. Peterson-Parker was very helpful and committed to her job, trustworthy and professional. She also stated that she had never heard Ms. Peterson-Parker make comments, which were motivated by discriminatory factors.


GOVERNMENT EXHIBIT 4

9

I have read this statement consisting of one pages, and it is true and correct. I have signed or initialed each page. I have been given an opportunity to make any corrections or additions, which I have initialed. I understand that the information I have given is not to be considered confidential; that it may be shown to the interested parties; and that it may be used in evidence. I hereby swear that the foregoing is accurate to the best of my knowledge.

*Patricia Lewis*
Patricia Lewis

Sworn and subscribed on 26 March 2004

*Michelle H. Mock*
Michelle H. Mock
EEO Investigator