

November 12, 2002

GSA Office of Civil Rights

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Ms. Iona Calhoun

Dear Ms. Calhoun:

This letter acknowledges receipt of your formal complaint of discrimination dated and received in the agency on October 16, 2002. This letter also acknowledges receipt of correspondence dated May 31, 2002, addressed to Madeline C. Caliendo, Associate Administrator for Civil Rights, outlining your instances of alleged discrimination. This notice also provides you with written notice of your rights and timeframes for exercising those rights. Please be advised that a portion of your complaint will be <u>accepted</u> and a portion will be <u>dismissed</u>.

<u>Acceptance</u>

You alleged that you were continually discriminated against based your sex (female), race (Black) and reprisal (prior EEO activity) when you were denied training. Some of the instances of the training are as follows:

a. On April 24, 2002 your request was denied to attend the Armed Forces Communications and Electronics Association (free) luncheon to hear Stephen Perry, Administrator, GSA, speak on Expanded Electronics Government and other IT Initiatives;

b. On May 5, 2002, your request was denied to attend Smart Card training;

c. You were issued an Official Reprimand on March 8, 2002 for insubordination for attending training that had been denied you; and

d. On April 15, 2002, Mr. Langfeld disapproved your request to attend a (free) Government and Media Perception and Reality Seminar.

000084

GOVERNMENT EXHIBIT

PAGE 1 OF 5

U.S. General Services Administration
1800 F Street, NW
Washington, DC 20405-0002
www.gsa.gov

-2-

If the issue cited above is not identified correctly, please notify me, in writing, within five (5) calendar days of your receipt of this letter. Please specify why you believe it is not identified correctly.

Voluntary attempts to settle your complaint will be made throughout the administrative process. If a settlement is reached, the terms of the settlement will be stated in writing and you will receive a copy.

The agency is required, pursuant to 29 C.F.R. Part 1614, to conduct a complete and fair investigation of the complaint within 180 calendar days of the filing of the complaint unless you and the agency agree, in writing, to extend the time for an additional 90 calendar days.

Upon completion of the investigation under Part 1614, you will have the right to a final decision with or without a hearing. If you request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ), you should notify Madeline C. Caliendo, Associate Administrator, Office of Civil Rights, General Services Administration, 18th & F Streets, NW, Washington, DC 20405, in writing, within 30 calendar days of receipt of this notice. Within 60 calendar days of receiving the findings and conclusions of the AJ, the agency will issue the final decision.

If you request a hearing, you are expected to proceed without delay in presenting your complaint before the assigned EEOC AJ. Therefore, if you plan to have a representative, you should immediately obtain representation, and should also begin preparing a list of proposed witnesses, with a summary of the testimony you believe each will present at the hearing. The AJ will request this list after being assigned your case. Failure to prosecute your complaint in a timely fashion may be grounds for the AJ to return your case to the agency. The agency will issue a final decision based on the evidence presented in your investigative and complaint files.

However, if you request that an immediate final decision be rendered on the merits of each allegation contained in your complaint, based on the investigative file, the Associate Administrator for Civil Rights will render a decision without a hearing. A request for a final decision without a hearing must be made to Ms. Caliendo within 30 calendar days from the day you receive the notice of final action. In the absence of any response from you, upon the expiration of the 30-day notice period as to your options to a decision with or without a hearing, the agency will, within 60 calendar days, issue a final decision.

000085

EXHIBIT 3
PAGE 2 OF 5 PAGES

-3-

If you are dissatisfied with the final decision with or without a hearing, you may appeal to the EEOC. An appeal to the EEOC must be postmarked or, absent a postmark, received by the Commission within 30 calendar days of your receipt of the final decision. The 30-day period for filing a Notice of Appeal begins to run on the day after you receive the final decision. However, if you are represented by an attorney, the 30-day timeframe begins to run on the day after your attorney acknowledges receipt of the final decision. Any statement or brief in support of an appeal may be submitted to the Commission, with copies to the agency, within 30 calendar days from the date the appeal is filed. You must certify the date and method by completing the enclosed EEOC Form 573, and must indicate what it is you are appealing and why. In addition, appeals to the Commission should be sent to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036.

In addition, with respect to claims filed under Title VII a civil action may be filed in the appropriate federal district court in any of the following circumstances:

A. Instead of appealing GSA's final decision to the EEOC, you may file a civil action in an appropriate United States District Court. If you choose to file a civil action, you must do so within 90 calendar days from the day you receive the final decision.

B. If you appeal GSA's final decision to the EEOC and the EEOC renders a decision on your appeal, you may appeal the EEOC decision by filing a civil action within 90 calendar days from the day you receive the EEOC decision on your appeal.

C. If GSA has not issued a final decision after 180 days have elapsed from the date you filed your formal complaint, you may file a civil action.

D. If the EEOC has not issued a decision on your appeal within 180 calendar days from the date of filing the appeal.

If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 30-day time limit for filing suit and in such form and manner as the court may require.

000086

EXHIBIT ___3___

PAGE _3_ OF _5_ PAGES

-4-

### Dismissal

Based on a review of the allegations contained in your complaint, the following issues will be dismissed for untimely contact with the EEO office:

1. You alleged that you were discriminated against based on race (black), age (57), sex (female/equal pay), national origin (African American) and reprisal (prior EEO and union activity) when in August 2001 you were reassigned from a GS-13 Computer Specialist position with the Office of Information Technology, in which you allege that you should have been paid at the GS-14 level because you were performing the same work as the white males, to the position of a GS-13 Program Analyst with the Office of Real Property.

2. You allege that you were discriminated against based on reprisal (union acitivities) when your request of April 24 was denied to attend a free luncheon regarding the Armed Forces Communications and Electronics Association to hear Administrator Stephen Perry speak and your request of May 5, 2002, to attend the Smart Card training was denied.

In the May 31, 2002 correspondence you sent to Ms. Calinedo, you state that Issue 1 regarding your reassignment was background information. However, in your complaint dated October 16, 2002, it appears that you are now raising that allegation as an issue.

Based on our review of the record, Issue 1 above is being dismissed for untimely counseling contact in accordance with 29 CFR Part 1614.107(a)(2). Contact with the EEO Office was made on May 31, 2002; therefore, the above issue was beyond the 45-days of the discriminatory event (approximately 273 days beyond the timeframe). (Sandra L. Adams vs. John E. Potter, Postmaster General, U.S. Postal Service, EEOC-OFO Appeal No. 01A23102, Agency No. 4C-164-0017-02 08-14-02). Issue 2 is being dismissed because a reprisal allegation based on union activity where EEO matters are not a part of the union process fails to state a claim under Title VII. Leroy v. Department of the Navy, EEOC Petition No. 03920075 (February 19, 1993) In addition, you were aware of the time limits for making contact with the EEO Office because you have filed prior EEO complaints, as stated on page 2 of the attachment to your formal complaint form dated October 16, 2002, and have presented no reason or extenuating circumstance that would have prevented you from making timely contact.

000087

EXHIBIT 3

PAGE 4 OF 5

-5-

Please be advised that the issues dismissed will not be investigated. Further, there is no immediate right to appeal the dismissal of those issues until a final action has been taken by the agency on the remainder of the complaint.

If you request a hearing, the AJ will evaluate the agency's reasons for believing that the above issue met the standards for dismissal before holding the hearing. If he/she believes that all or part of the agency's reasons are not well taken, the entire complaint or all of the portions not meeting the standards for dismissal will continue in the hearing process. The AJ's decision on the dismissal will become part of his/her final decision on your complaint and may be appealed after a final action is taken on the complaint.

If you request a decision by the agency without a hearing, a decision will be issued addressing all of the issues raised in your complaint, including its rationale for dismissing the above issue, if any, and its findings on the merits of the remainder of your complaint. You may appeal the agency's decision, including any dismissal, to the EEOC.

Finally, please note that if you file a civil action, you must name the agency head, Stephen A. Perry, Administrator, as the defendant. Failure to name Mr. Perry may result in the loss of any judicial redress to which you may be entitled.

Sincerely,

*Bernadette Butler*

Bernadette S. Butler
Central Office EEO Officer

Enclosure: EEOC Form 573

cc: Connie Peyton
    Charles Wharton

000088

EXHIBIT 3
PAGE 5 OF 5 PAGES