UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                               *

        Plaintiff,                              Case No. 06-1441-HHK

v.                                                          *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration

        Defendant                              *

### MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff Iona D. Calhoun, by and through her undersigned attorneys, moves to strike Defendant's Motion to Dismiss or for Summary Judgment ("Defendant's Motion") on grounds that Defendant's Motion is untimely. Defendant's Motion, filed on August 19, 2008, has been filed *more than three months beyond the deadline set by this Court*, and more than two months beyond the deadline informally agreed to by the parties (but never approved by the Court).[a] In addition, the parties have not engaged in discovery for several months.

### DISCUSSION

This Court set May 13, 2008 as the deadline for dispositive motions in this case. (*See* Minute Order, dated March 3, 2008. (A copy of the Civil Docket for this case is attached hereto as Exhibit 1). This Court never altered that deadline.

---

[a] As shall be discussed below, Defendant's Motion been filed even past a deadline unilaterally requested by Defendant, and not granted by the discovery Judge in this case, the Hon. John M. Facciola. As shall also be discussed, Defendant's request is not presently before this Court.

On April 15, 2008, Plaintiff made a Motion to Compel and to Extend the Discovery Deadline. ("Plaintiff's Motion to Compel"). This Court dismissed Plaintiff's Motion to Compel without prejudice. Plaintiff then attempted, for the next several months, to negotiate in good faith with Defendant with respect to Defendant's failure to respond to Interrogatories, Defendant's failure to produce documents, and Defendant's failure even to cooperate in the setting up of a deposition requested by Plaintiff. Finally, when it became clear that Defendant would not cooperate with Plaintiff with respect to discovery matters, Plaintiff filed, on May 29, 2008, a Resubmitted Motion to Extend Discovery and Dispositive Motion Deadlines; or, in the Alternative, to Compel the Deposition of Carol S. Anadale and to Compel Responses to Interrogatories and to Requests for the Production of Documents" ("Plaintiff's Resubmitted Motion") (*See* Exhibit 1, Entry 32). This Court referred Plaintiff's Resubmitted Motion to the Hon. Judge M. Facciola. (*See* Exhibit 1, Entries 34-36). Throughout this period, no discovery was exchanged.

During this same period, in which Plaintiff was making a good faith effort to negotiate with Defendant, Plaintiff and Defendant made an informal agreement to extend the deadline for dispositive motions by 30 days. The agreement was informal because it was reached only orally and by email. (*See* email from James Fuchs to Claire Whitaker, dated May 12, 5008 and email from Claire Whitaker to James Fuchs, dated May 12, 2008, which are attached hereto as Exhibit 2). Although Plaintiff's counsel had submitted a stipulation to Defendant's counsel with respect to the 30-day extension, Defendant's counsel never signed the stipulation. The stipulation was therefore never submitted to this Court. Thus, the May 13, 2008 deadline for dispositive motions is the only date on file in this Court, and the only date that this Court has approved. Nor did the

parties ever again mutually agree, informally or otherwise, to extend discovery beyond this date.

Defendant had, in fact, opposed all efforts to extend discovery. Then, on June 10, 2008, Defendant submitted a Memorandum in opposition to Plaintiff's Motion, with a new set of dates concerning which Defendant had not consulted Plaintiff.

Defendant's reasons for not having consulted Plaintiff were clear. Defendant's new-found desire to extend deadlines copiously, combined with Defendant's resistance to cooperating with Plaintiff on discovery matters, demonstrated to Plaintiff that Defendant had no interest whatsoever in cooperating with Plaintiff on discovery. Defendant's only apparent interest was in prolonging this case unnecessarily.

Plaintiff accordingly, in a Reply to Defendant's opposition to Plaintiff's Resubmitted Motion, made clear that Plaintiff would not accept Defendant's unilaterally imposed dates. (*See* Plaintiff's Reply to Resubmitted Motion to Extend Discovery and Dispositive Motion Deadlines; or, in the Alternative, to Compel the Deposition of Carol S. Anadale, and to Compel Responses to Interrogatories and to Requests for the Production of Documents, which is attached hereto as Exhibit 3, p. 7).

Defendant's counsel then demanded that the parties appear before Judge Facciola. (*See* Email from Claire Whitaker to James Fuchs, dated June 26, 2008, which is attached hereto as Exhibit 4). The parties therefore appeared before Judge Facciola on July 7, 2008. Judge Facciola asked if there were still an outstanding Motion to Compel. Plaintiff's counsel explained to Judge Facciola that, because Defendant had consistently failed to cooperate with Plaintiff on discovery matters, it was clear to Plaintiff that Defendant would not be exchanging further discovery. Therefore, Plaintiff's counsel explained to Judge Facciola that Plaintiff was ready for

trial, and that Plaintiff would not pursue the Motion to Compel.

Defendant's counsel stated that she wanted to extend deadlines, including the deadline for dispositive motions. *Judge Facciola informed Defendant's counsel that he would not overrule the Magistrate Judge*. Further, because—in response to Judge Facciola's question, Plaintiff had implicitly withdrawn Plaintiff's Resubmitted Motion—Defendant's proposed dates were no longer before this Court, and were never ruled upon. As Judge Facciola explained to Defendant's counsel, "the horse is already out of the barn." Defendant's counsel made to effort to obtain this Court's approval of her unilaterally decided dates by motion or by any other means.[b]

In an effort to prolong the date for dispositive motions, however, Defendant purported to provide discovery to Plaintiff at the conference before Judge Facciola, on July 7, 2008. As Plaintiff discovered upon reviewing the documents that Plaintiff purported to provide, "[t]his purported production" did "not begin to answer [Plaintiff's] Document Requests or Interrogatories, let alone [Plaintiff's Supplemental Requests." (*See* Letter from James Fuchs to Claire Whitaker, dated July 8, 2008, which is attached hereto as Exhibit 5). Defendant did not respond to Plaintiff's letter.

Defendant's purported production was thus a subterfuge, which, in any event, occurred 43 days ago. Thus, even if the clock for the deadline with respect to dispositive motions began ticking on that day—which Plaintiff denies—43 days have still elapsed. In fact, however, as has been stated above, the only deadline for dispositive motions that this Court has approved is May 13, 2008. Hence, Defendant's Motion should be stricken on the ground that it is untimely.

## CONCLUSION

WHEREFORE, for the aforesaid reasons, Defendant's Motion to Dismiss or more Summary Judgment should be stricken on grounds that it is untimely.

Respectfully Submitted,

_____/s/_____
James L. Fuchs, Esq. Bar No. 454514
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

Attorneys for Plaintiff

---

[b] Defendant's unilaterally imposed dates, which, again, were never ruled upon by this Court, and which are not even before the Court, included a deadline of August 18, 2008 for dispositive motions.  Defendant's Motion was filed on August 19, 2008.  Defendant has thus not even complied with Defendant's own proposed deadline.

5