# Exhibit 3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                              *

              Plaintiff,                   Case No. 06-1441-HHK

v.                                            *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration,

              Defendant                    *

**PLAINTIFF'S REPLY TO RESUBMITTED MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES; OR, IN THE ALTERNATIVE, TO COMPEL THE DEPOSITION OF CAROL S. ANADALE, AND TO COMPEL RESPONSES TO INTERROGATORIES AND TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

      Comes Now Plaintiff, Iona D. Calhoun, by undersigned counsel, and respectfully submits this Reply to Defendant's Response to Plaintiff's Resubmitted Motion to extend discovery by thirty days and to extend the dates for dispositive motion deadlines by thirty days; or, in the alternative, to compel the deposition of Carol S. Anadale and to compel responses to Interrogatories and to Requests for the Production of Documents.

      Plaintiff (a) disputes both (1) Defendant's narration and (2) Defendant's analysis of the underlying discovery dispute between the parties; (b) opposes the deposition of Dr. John McNeil; (c) opposes further extension of the deadline for Dispositive Motions, and, *a fortiori*, Defendant's proposed date of August 18, 2008; and (d) does not otherwise agree to Defendant's proposed calendar.

### A.  DEFENDANT'S NARRATION OF THE RECORD IS INCORRECT

Defendant's narration of the record, and of the discovery dispute between the parties, is incorrect and/or misleading with respect to both (1) Defendant's rendition of the record and (2) Defendant's analysis of the record.

Defendant fails to note that Plaintiff had alerted Defendant, on March 31, 2008, of Plaintiff's need to file a motion to compel, in the event that the parties failed to resolve their discovery dispute. *See* Letter of James Fuchs to Claire Whitaker, dated March 31 (which is included in Plaintiff's Resubmitted Motion to Extend Discovery and Dispositive Motion Deadlines; or, in the Alternative, to Compel the Deposition of Carol S. Anadale, and to Compel Responses to Interrogatories and to Requests for the Production of Documents ("Plaintiff's Resubmitted Motion"), Exhibit A,[a] Exhibit 1[b]). Plaintiff and Defendant also had numerous phone conversations, and exchanged email messages, concerning discovery issues in April, pertaining to, *inter alia*, (1) the inadequacy of Defendant's Responses to Interrogatories; (2) Defendant's failure to produce documents that it had represented that it would produce; and (3) Plaintiff's intention of taking Ms. Anadale's deposition and Defendant's failure even to provide Ms. Anadale's address. Among other times that Plaintiff's counsel contacted Defendant's counsel concerning these issues, Plaintiff's counsel telephoned Defendant's counsel on May 2, 2008 (*See* Letter from James Fuchs to Claire Whitaker, dated May 23, 2008, which is attached hereto as Attachment 1); and written to Defendant's counsel on May 4, 2008 (*see* Letter from

---

[a] Exhibit A is Plaintiff's original Motion to Extend Discovery and Dispositive Motion Deadlines; or, in the Alternative, to Compel the Deposition of Carol S. Anadale, and to Compel Responses to Interrogatories and to Requests for the Production of Documents ("Plaintiff's Original Motion"). Because this document is referred to frequently, Plaintiff believes that it will be more convenient for all readers if Plaintiff identifies this document throughout as Plaintiff's Original Motion rather than as Exhibit A.
[b] There are eight Exhibits to Plaintiff's Original Motion.

2

James Fuchs to Claire Whitaker, dated May 4, 2008, which is attached hereto as Attachment 2) and on May 23, 2008.

When Plaintiff's counsel's conversations with, and correspondence to, Defendant's counsel did not lead to tangible results (*see* Exhibit 2), Plaintiff's counsel proposed that Defendant, on its own, make a motion to extend the discovery deadline. Defendant refused.

In view of Defendant's refusal to agree to extend the discovery deadline, Plaintiff reiterated Plaintiff's need to resubmit Plaintiff's Original Motion for an extension of discovery and or an Order to Compel. Nonetheless, in an effort to resolve discovery matters without this Court's intervention, Plaintiff's counsel agreed to continue discussions with Defendant's counsel concerning the outstanding discovery issues, provided that there would be significant progress. (*See*, for example, with respect to Plaintiff's counsel's expectations, Attachment 1, as well as email from James Fuchs to Claire Whitaker, dated May 21, 2008, which is attached hereto as Attachment 3; and email from James Fuchs to Claire Whitaker, dated May 25, 2008; and email from James Fuchs to Claire Whitaker, dated May 24, 2005, both of which are attached hereto as Attachment 4).

In a further effort to cooperate with Defendant's counsel and avoid seeking this Court's intervention, Plaintiff's counsel agreed to draft a stipulation to extend the dispositive motion due date to June 12, 2008.[c] When it became clear, however, that, after yet another month had elapsed, progress consisted of nothing more than promises and non-responsive representations that Plaintiff has already discussed in Plaintiff's Resubmitted Motion (*see* Attachments 1 and 4,

---

[c] Although Defendant's counsel agreed in an email to the terms of the stipulation, she never signed it. Since the date in question has elapsed, the issue is now moot.

3

as well as Plaintiff's Resubmitted Motion, Exhibit D), Plaintiff filed Plaintiff's Resubmitted Motion.

Thus, contrary to what Defendant has stated in Defendant's Response to Plaintiff's Resubmitted Motion, the parties had not resolved their discovery differences. Further, again contrary to what Defendant has started, Plaintiff's counsel had corresponded with Defendant's numerous times, by letter and by email, and had placed several telephone calls to Defendant's counsel's office. *See*, again, Attachment 4. Plaintiff's counsel thus made a good faith to work with Defendant's counsel towards resolving those issues, but insisted upon tangible progress which never materialized. Although Defendant is correct in noting that the parties' counsel often had trouble reaching each other, there were enough times in which they did succeed in reaching each other that matters could have been resolved, without this Court's intervention.

The parties' counsel's respective abilities to work with each other, without this Court's intervention, have been further complicated by the positions taken by their respective clients. The Agency's counsel, when he participated in a phone conversation between Plaintiff's counsel and Defendant's counsel, was extremely recalcitrant, and refused even to agree to Plaintiff's counsel's coming to his office for an inspection. (*See* Email from James Fuchs to Claire Whitaker, dated April 9, 2008 (1:20 p.m.); email from Claire Whitaker to James Fuchs, dated April 9, 2008 (2:18 p.m.); email from James Fuchs to Claire Whitaker, dated April 9, 2008 (dated 2:40 p.m.); and email from Claire Whitaker to James Fuchs, dated April 9, 2008 (3:15 p.m.): all of which are attached hereto as Attachment 5).

Plaintiff in turn has become frustrated with Defendant's failure to produce documents and respond to Interrogatories, and believes, appropriately, that it is unfair for her to incur continuing

legal costs for discovery negotiations that, after several months, have led to nothing beyond promises.[d] From Plaintiff's perspective, granting an extended discovery deadline to a Defendant that has failed to cooperate, while Defendant has concomitantly opposed a discovery extension, is tantamount to rewarding a mouse for stealing the cheese that it was purporting to guard. In short, Plaintiff believes that no Court Order or Court-endorsed calendar will have any bite without the force of an Order compelling Defendant to respond to Interrogatories, to produce documents, and ordering Ms. Anadale's deposition (and thereby ordering Defendant to provide Ms. Anadale's last known address).

### B.   PLAINTIFF OPPOSES THE DEPOSITION OF DR. JOHN MCNEILL

Plaintiff opposes the deposition of Dr. John McNeill because (1) Defendant never properly noticed Dr. McNeill's deposition during the discovery period; 2) Defendant never made a motion to compel Dr. McNeill's deposition during the discovery period, and thereby waived the right to take Dr. McNeill's deposition, since the discovery deadline has passed; and (3) Defendant's request to take Dr. McNeill's deposition is inconsistent with Defendant's initial refusal to agree to an extension of the discovery deadline.

Defendant never properly noticed Dr. McNeill's deposition during the discovery period and instead sent an informal email. More significantly, although Defendant's counsel had notice, as early as March 31, 2008, that Plaintiff's counsel would be out of the country from April 14,

---

[d] Defendant has changed its position several times concerning the documents. Defendant first represented that it would produce Responsive documents (*see* Plaintiff's Original Motion, Exhibit 6; then, Defendant represented, without having supplemented its Responses to Interrogatories, that there were no additional documents, even though Defendant had represented in Defendant's Responses to Interrogatories, that there were additional documents. Defendant then represented that Defendant would produce and/or make documents available for inspection if Plaintiff could more specifically identify them. It does not appear, however, that Defendant, in all its about-faces concerning the documents and concerning Responses to Interrogatories, has actually consulted any documents, and it thus does not appear that Defendant is in any position to make new representations concerning these documents.

5

2008, through April 30, 2008 (*See* Plaintiff's Original Motion, Exhibit 1), Defendant's counsel waited until the eve of Plaintiff's counsel's departure, on April 30, 2008, to notify Plaintiff's counsel of Defendant's counsel to take said deposition. (*See* Email from Claire Whitaker to James Fuchs, dated April 14, 2008 (2:37 p.m.); email from James Fuchs to Claire Whitaker, dated April 14, 2008 (5:58 p.m.); and email from Claire Whitaker to James Fuchs, dated April 14, 2008 (8:26 p.m.): all of which are attached hereto as Attachment 6). Plaintiff's counsel responded that Plaintiff's counsel's office would be closed for the Passover holiday. Defendant's counsel therefore did not press the matter, and the discovery deadline elapsed during the Passover holiday. (*See* Attachment 6). Although it would have been in Defendant's counsel's best interests to agree to a discovery extension, because of Defendant's own professed interest in taking Dr. McNeill's deposition, Defendant's counsel incongruously opposed an extension of discovery. (*See* Plaintiff's Resubmitted Motion, Exhibit 3). Hence, Defendant's counsel did not properly notice Dr. McNeill's deposition, and Defendant did not make a motion to compel Dr. McNeill's deposition; and the discovery deadline has elapsed. Defendant therefore waived the right to compel Dr. McNeill's deposition, unless, contrary to Defendant's original agreement, the discovery deadline is extended.

In contrast, Plaintiff did make a motion, *within the discovery deadline period*, for a discovery extension or for an Order to Compel. That Motion was dismissed without prejudice, and has been renewed.

---

With respect to additional documents from Plaintiff, Plaintiff has already advised Defendant's counsel that there are no additional documents. (*See* Plaintiff's Original Motion, Exhibit 1).

6

### C. PLAINTIFF OPPOSES EXTENSION OF THE DEADLINE FOR SUBMITTING DISPOSITIVE MOTIONS

Plaintiff additionally opposes an extension of the deadline for submitting dispositive motions, which has elapsed. As has been previously noted, the parties agreed orally, and by email, to extend the discovery deadline *until June 12, 2008*; although Defendant never signed the stipulation that Plaintiff's counsel drafted. In any case, June 12, 2008, and there was no further agreement between the parties concerning a dispositive motion deadline. To extend that deadline now, when Defendant initially opposed a discovery deadline extension and thus forced Plaintiff to draft a motion, would, again, be to award Defendant for its recalcitrance. Plaintiff thus opposes any extension of the deadline for filing dispositive motions and opposes, *a fortiori*, Defendant's proposed date of August 18, 2008.

### D.    PLAINTIFF OPPOSES DEFENDANT'S EXTENDED CALENDAR

Plaintiff otherwise opposes Defendant's extended calendar because this case has already burdened this Court's docket for four years. Documents should be produced, Interrogatories should be answered, and Ms. Anadale's deposition should be held by this Court's scheduled conference date of July 10, 2008. If all of this is not completed by the conference date, this Court can then issue another Order, but will at least be able to act on the basis of whether there was compliance with its initial Order.

WHEREFORE, Plaintiff requests that Plaintiff's Motion to extend discovery by 30 days, to extend to the dates for dispositive motions by 30 days; or, in the alternative, to compel the deposition of Carol S. Anadale, and to compel Responses to Interrogatories and the production of documents be granted.

Respectfully Submitted,

\_\_\_\_/s/_____
James L. Fuchs, Esq. Bar No. 454514
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                                          *

        Plaintiff,                                     Case No. 06-1441-HHK

v.                                                        *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration,

        Defendant                                       *

## ORDER

WHEREFORE, having considered Plaintiff's Motion that the discovery period be extended by 30 days, that the deposition period be extended by 30 days; or, in the alternative, that the deposition of Carol S. Anadale be compelled, and that the responses to Interrogatories and to Requests for the production of documents be compelled, it is hereby ORDERED that:

Plaintiff's Motion to extend discovery by 30 days, and to extend to the dates for depositions is granted.

Plaintiff's Motion, in the alternative, to compel the deposition of Carol S. Anadale, and to compel Responses to Interrogatories and the production of documents, is granted.

Because those 30 days have elapsed since the time that Plaintiff filed its motion,
it is additionally ORDERED that:

    (1) All outstanding discovery is to be exchanged on or before July 9, 2008, including Defendant's Responses to Interrogatories and Defendant's production of documents;
    (2) Carol Anadale's deposition is to be taken on or before July 9, 2008
    (3) Defendant is to provide Plaintiff with Carol Anadale's last-known address.

                                                                                                                        Hon. Henry H. Kennedy, Jr.