UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
IONA D. CALHOUN,                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
          v.                                        )    Civil Action No. 06-1441 (HHK/JMF)
                                                    )
DAVID L. BIBB, ADMINISTRATOR,                       )
GENERAL SERVICES ADMINISTRATION,                    )
                                                    )
                    Defendant.                      )
_____             )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND MOTION TO EXTEND PURSUANT TO FED. R. CIV. P. 6(B)(2)

### I. PRELIMINARY STATEMENT

Defendant filed a Motion to Dismiss or for Summary Judgment on August 18, 2008, the due date undersigned counsel believed was pending Court approval. Docket Entry # 42, Defendant's Dispositive Motion Docket Entry, at n. 1. Because of an error in filing, the Clerk's Office notified Defendant's counsel of the necessity of re-filing the motion on August 19, 2008. See Notice of August 19, 2008, & Docket Entry # 42. Plaintiff moved to strike Defendant's dispositive motion on "untimeliness" grounds on August 19, 2008. Id. at 43.

Defendant opposes Plaintiff's motion for the reason set forth below. To the extent that there was a gap between the dispositive motions' deadline of May 13, 2008, and Plaintiff's motion to extend filed May 27, 2008, and Defendant's response proposing a new deadline of August 18, 2008, Defendant herein moves, pursuant to Fed. R. Civ. P. 6(b)(2) and shows good cause for an extension of time to file Defendant's Dispositive Motion on August 19, 2008.

II. **PROCEDURAL BACKGROUND RELEVANT TO THIS RESPONSE**

Between April 15, 2008, to May 27, 2008, Plaintiff submitted two motions requesting extensions of the discovery period and of the due date for dispositive motions.  Docket Entry ## 27 and 29.  The first motion was denied without prejudice by Minute Order dated April 16, 2008. However, the Court did extend the dispositive motions' deadline, *sua sponte,* to May 13, 2008. Minute Order of March 3, 2008.  The second motion, filed on May 27, 2008, two weeks after the dispositive motion deadline, was a re-submission of the first motion and again requested a 30-day extension of the dispositive motion deadline after the close of discovery.  See Docket Entry # 29.  That motion was referred to Magistrate-Judge Facciola on May 29, 2008. Docket Entry # 34.  Defendant responded and proposed a deadline for dispositive motions to and including August 18, 2008.  Docket Entry # 37.  Plaintiff opposed that proposal.  Docket Entry # 38.

In her motion to strike,  Plaintiff states that,  "Defendant's unilaterally imposed dates, which, . . were never ruled on by this Court, . . included a deadline of August 18, 2008 for dispositive motions."  See Motion to Strike, Docket Entry # 43, p. 5, n. b.

On July 7, 2008, a discovery hearing was held before Magistrate-Judge Facciola to address Plaintiff's second motion to extend, *i.e.* Docket Entry # 29 (Resubmitted Motion to Extend Discovery and Dispositive Motion Deadline; or to Compel the Deposition of Carol S. Anadale, and Responses to Interrogatories and Requests for the Production of Documents).  At the hearing, Plaintiff announced that she was no longer pursuing her discovery motion and that she was "ready to go [to] trial."  Attachment 1 (Excerpts from July 7, 2008, transcript), p. 2, line 21.[1]  Accordingly, after four months of acrimony by Plaintiff, and two discovery motions to

---

[1] Plaintiff did not notify the Defendant or the Court in advance of the hearing that she was withdrawing her motion.  Had she done so, both time and expenses could have been

compel in which Plaintiff represented that she had been denied discovery by Defendant, Plaintiff announced at the discovery hearing on her second motion, without prior notice, that she was no longer pursuing the discovery she previously claimed to need to prosecute her law suit. Needless to say, this was unexpected as Defendant believed that discovery issues remained at issue and that his proposed new discovery deadline and new due date for dispositive motions, to and including August 18, 2008, would be considered.

Magistrate-Judge Facciola did not rule on Defendant's request to extend the dispositive motions due date, not because he refused to "overrule" this Court as suggested by Plaintiff [Motion to Strike at p. 4], but because he did not believe he had the authority to do so. He stated that it would "fall peculiarly within [Judge Kennedy's] responsibility to modify . . . because he [Judge Kennedy] set [the due dates] in the first place and I only have the matter for discovery." Attachment 1 at p. 7, lines 19-21. Magistrate-Judge Facciola stated further that

> [W]hen it comes to questions of extending deadlines with the conclusion of discovery and for dispositive motions, as a simple courtesy, we always leave that with the district judge. The district judge may very well say, 'That's up to you, Facciola,' in which case I will handle it. But unless and until Judge Kennedy says that, as a simple matter of courtesy, I'm not going to set a different deadlines [sic]
> - -

Attachment 1 at p. 15, lines 17-24. Magistrate-Judge Facciola further indicated that he would try to speak to the Court about the matter. Id. at p. 16, lines 1-6. Since that time, the Defendant has been under the impression that his proposed schedule remained pending before the Court. The only docket entry in this case since the July 7, 2008, hearing was a notice of the re-scheduling of the previously scheduled July 8, 2008, Status Conference with the Court to October 2, 2008, at 11:30 am.[2]

---

avoided.

[2] Mindful of the Court's busy schedule and aversion to discovery conflicts, Defendant did not formally pursue the discovery issues he faced during the eleven-month period of discovery after mediation, including the **Plaintiff's failure to provide even one document** in response to

III. **DISCUSSION**

By withdrawing her second motion at the discovery hearing on said motion and by moving to strike Defendant's motion on untimeliness grounds when it was filed, Plaintiff attempts to deny Defendant the opportunity to file a dispositive motion after discovery and present argument showing that the Court is without jurisdiction to consider:  (1) Plaintiff's untimely claims; (2)  Plaintiff's numerous training claims that are not adverse personnel actions, and (3) the legitimate nondiscriminatory/nonretaliatory reasons for the actions taken by the agency that were not pretext for discrimination or retaliation.  See Docket Entry # 42.

 As set forth below, Plaintiff's motion to strike Defendant's motion on untimeliness grounds is disingenuous at best in light of Plaintiff's own failure to timely file her second motion to extend discovery and the dispositive motions schedule or seek permission to do so pursuant to Fed. R. Civ. 6(b)(2).  See Part A, below.  In any event, Defendant herein moves for an extension of time, pursuant to Fed. R. Civ. P. 6(b)(2), to file the Defendant's Dispositive Motion, filed on August 19, 2008.  See Part B, below.

A.  Plaintiff's Motion to Strike Should be Rejected.

Plaintiff's counsel entered his appearance on March 3, 2008.  Docket Entry # 25.  Shortly thereafter,  Defendant agreed to an extension of time for responding to discovery [Note: Defendant's discovery was propounded in January and remained unanswered].  Docket Entry # 26-3 (Plaintiff's Motion to Extend Discovery and Dispositive Motion Deadlines).  After a 45-day extension, Defendant had yet to receive one document from Plaintiff in response to his discovery.  Nevertheless, on April 15, 2008, Plaintiff requested another extension of time and

---

Defendant's document request, to identify individuals she claimed have knowledge of the alleged unlawful activity, and to sign a Medical Release form for records or permit the deposition of her doctor, notwithstanding her claims for emotional distress in this case.

this time asserted that Defendant had been dilatory in responding to her interrogatories and document requests and the setting of a nonparty's deposition. Docket Entry # 27. The motion was denied, without prejudice, as Plaintiff had not conferred with Defendant's counsel. However, the Court, *sua sponte*, extended the dispositive motions deadline to May 13, 2008.[3]

On May 27, 2008, Plaintiff filed her second "resubmitted" motion to extend and compel. Docket Entry # 29 & 33. When Plaintiff's second motion to compel and extend the discovery and dispositive motions deadline was filed, Defendant responded on June 10, 2008, and in an effort to resolve the discovery disputes with minimal judicial intervention, proposed the following schedule for depositions and additional disclosures:

| Event | Deadline |
|---|---|
| Document production of Plaintiff's Medical Records | July 1, 2008 |
| Interrogatories responses to Target Information | July 1, 2008 |
| Document production by Defendant (if docs found) | July 1, 2008 |
| Documents identified by Ms. Calhoun at deposition | July 15, 2008 |
| Depositions of Anadale and McNeil | July 20, 2008 |
| Dispositive Motions | August 18, 2008 |
| Oppositions | September 8, 2008 |
| Replies | September 15, 2008 |

---

[3] The docket of this case reflects that this case was transferred from the U.S. District Court for the District of Maryland in August of 2006. Docket Entry # 1. An amended complaint was filed by Plaintiff in April 2007. Docket Entry # 13. The matter was then referred to mediation in June 2007. After mediation, the parties exchanged discovery requests and at no time were *ad hominum* attacks made by either party. Both parties believed that their discovery issues could not be resolved without judicial intervention. Since April, however, Plaintiff's discovery litigation has spun out of control, resolving itself by Plaintiff's own withdrawal in July of her second motion to extend and compel. Defendant submits that he should not be punished for not doing the same thing, but instead relying on Plaintiff's proposed dates for dispositive motions. Docket Entry # 29. In this regard, Defendant notes that he has provided Plaintiff with hundreds of pages of documents in an attempt to satisfy her far-reaching discovery requests, so that judicial involvement would not be necessary, while Plaintiff has failed to provide a a single document in response to Defendant's request for documents. Although there were several other failures on Plaintiff's part to respond to Defendant's discovery, this filing is not for the purpose of rehashing the parties' discovery issues.

5

<u>See</u> Proposed Order at Docket Entry # 37.  Rather than attempting to come to an agreement

concerning a schedule for the remaining issues, on June 25, 2008, Plaintiff opposed Defendant's

proposal stating [Docket Entry # 38, p. 7]:

> . . . the parties agreed orally, and by email, to extend the discovery deadline *until
> June 12, 2008,* although Defendant never signed the stipulation that Plaintiff's
> counsel drafted.  In any case, June 12, 2008 [sic], and there was no further
> agreement between the parties concerning a dispositive motion deadline.  To
> extend that deadline now, when Defendant initially opposed a discovery deadline
> extension and thus forced Plaintiff to draft a motion, would, again, be to award
> Defendant for its recalcitrance.  Plaintiff thus opposed any extensions of the
> deadline for filing dispositive motions and opposes, *a fortiori*, Defendant's
> proposed date of August 18, 2008. (emphasis in text).

At the July 7, 2008 hearing, Magistrate-Judge Facciola did not rule on either Plaintiff's

or Defendant's proposal.  Instead, at the discovery hearing, Plaintiff withdrew her motion and

announced that she was ready for trial and that the motions deadline had passed.  Attachment 1

at p. 2, line 21-22.  As stated above, Judge Facciola believed that he lacked authority to act on

Defendant's proposed schedule.  <u>Id</u>. at p. 7, lines 18-21; p. 15, lines 17-24..  He indicated that he

would discuss it with the Court.  <u>Id</u>. at p. 16, 1-6.

Now, Plaintiff argues, without a single case citation, that Defendant's Dispositive Motion

is untimely.   Because Plaintiff's own second motion to extend and compel was untimely,

Defendant submits that Plaintiff should not be permitted to move to strike Defendant's

Dispositive Motion based on the failure to file a timely motion to extend time.  Moreover, to the

extent that Plaintiff argues that Defendant is late by one day because the Clerk's Office directed

a re-filing of the motion on August 19, 2008 [Docket Entry # 43, n.b], because it had been

incorrectly filed on August 18, 2008, Defendant believes that under Local Civil Rule, LCvR

Rule 5.4(g)(3) technical problems may provide "cause" for an order enlarging time or

"excusable neglect" for the failure to act within the specified time.

B.  <u>Defendant's Motion to File His Dispositive Motion Should be Granted.</u>

At the outset, Defendant states that until the hearing before Magistrate-Judge Facciola, Defendant believed that post discovery motions would be permitted.  Pursuant to that understanding, Defendant's counsel filed Defendant's Dispositive Motion on the proposed, but not yet approved, due date of August 18, 2008.  To the extent that Defendant was required to re-file that same motion on August 19, 2008, due to a technical error in the filing for which Defendant apologizes, Local Rule 5.4(g)(3) provides grounds for the one-day extension.

Under the circumstances described herein, Defendant respectfully moves, pursuant to Fed. R. Civ. P. 6(b)(2), to extend the time to file Defendant's Dispositive Motion upon Defendant's showing, herein, of excusable neglect.

Granting a Fed. R. Civ. P. 6(b)(2) motion is within the Court's discretion.  Four factors should be considered in determining when a late filing may constitute "excusable neglect:"  "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." <u>In re Vitamins Antitrust Class Action</u>, 327 F.3d 1207, 1209 (D.C.Cir.2003) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).  "[T]he question of whether attorney error may constitute 'excusable neglect' is within the discretion of the district court."  <u>In re Vitamins Antitrust Class Actions</u>, 327 F.3d at 1210.  In fact, "great deference [is] owe[d to] district courts

in what are effectively their case-management decisions." <u>Yesudian es rel., United States v.</u> <u>Howard Univ.</u>, 270 F.3d 969, 971 (D.C.Cir. 2001) (internal quotation omitted).

    1. <u>Reasons for Permitting the Dispositive Motion to Be Filed.</u>

        a. Plaintiff is Not Prejudiced and Defendant Should <u>Not be Penalized by Counsel's Oversight.</u>

Plaintiff has not been prejudiced by the unexpected events affecting counsel that led to the delays in filing Defendant's Dispositive Motion. Indeed, both parties anticipated that after discovery, they would be pursuing dispositive motions pursuant to Fed. R. Civ. P. 56(c). Plaintiff's only complaint now is that Defendant's motion is untimely. However, Plaintiff herself was technically "untimely" on May 27, 2008, when she resubmitted her request for an extension of discovery and the dispositive motions deadline---a motion that was still pending on June 10, 2008, when Defendant responded with a revised schedule, and, on July 7, 2008, when Plaintiff determined to withdraw her motion and announced she was "ready for trial."

Moreover, as there is no trial date and no scheduled events, except a Status Conference set for October 2, 2008, at 11:30 am, there is no prejudice to Plaintiff and no disruption of the Court's calendar. Indeed, Plaintiff still has ample time to respond to Defendant's dispositive motion before the October 2nd status conference. Further, Defendant will have no objection to a reasonable extension of time should Plaintiff need one.

Finally, it is clear from a cursory review of Defendant's Dispositive Motion that there are untimely claims reaching back to 2001, that are plainly outside this Court's jurisdiction. In addition, several of the multiple allegations in Plaintiff's complaint describe denial of training and fully successfully performance rating(s) linked to no monetary award or benefit that clearly should not survive summary judgment.

8

2. <u>The Reason for the Delay</u>.

The oversight on Defendant's part was primarily the result of counsel's belief that Defendant's proposed schedule which set the dispositive motion deadline for August 18, 2008, was pending before the Court and had not yet been ruled on. Defendant did file his motion on the proposed due date, but because of a technical error in the filing, the Clerk's Office directed that it be filed again on August 19, 2008. As soon as counsel reviewed the Clerk's notice, she immediately re-filed the corrected document. <u>See</u> Docket Entry # 42. <u>See</u> Fed. R. Civ. P. 5.4(g)(3).

3. <u>Impact of the Delay on this Judicial Proceeding</u>.

The delay will have had no significant impact on this judicial proceeding. There are no deadlines presently set. The only date on the calendar is for a Status Conference before the Court on October 2, 2008. Accordingly, Plaintiff has sufficient time to respond before the next Court date.

The resolution of the lodged motion serves the interest of judicial economy. Plaintiff has already engaged in unproductive discovery litigation in this case. Moreover, the actions of Plaintiff in requesting a thirty day extension on May 29, 2008, which was pending on June 10, 2008, when Defendant proposed alternative dates, shows that no delay was encountered based on Defendant's actions.

4. <u>Defendant Acted in Good Faith</u>.

During the Plaintiff-initiated discovery dispute, Defendant attempted to resolve the matter. Although Plaintiff argues otherwise, Defendant provided hundreds of pages of responsive documents to Plaintiff's discovery. Even after Plaintiff filed her second

"Resubmitted Motion to Extend Discovery and Dispositive Motion Deadline; or to Compel the Deposition of Carol S. Anadale, and Responses to Interrogatories and Requests for the Production of Documents" [Docket Entry 29], Defendant responded with a more workable schedule to complete discovery and satisfy both parties' discovery needs. Docket Entry # 37. That schedule provided for the taking of the deposition Plaintiff complained had not been taken and a period for both parties to exchange remaining discovery before dispositive motions were due. Id. at Proposed Order. Plaintiff opposed the motion and then, at the discovery hearing before Magistrate-Judge Facciola, withdrew her discovery motion and announced she was "ready for trial." Although this foreclosed Defendant's opportunity to obtain discovery that Plaintiff had previously promised without further litigation, Defendant did not believe that it foreclosed the Defendant's opportunity to file a dispositive motion. Accordingly, Defendant drafted said motion and filed it on the date he proposed in his response to Planitff's discovery motion, *i.e.*, August 18, 2008. Docket Entry # 37. To date, that Proposed Scheduling Order has not been granted or denied. As noted above, due to an error in the filing, Defendant re-filed the dispositive motion on the next day, as contemplated by Local Rule LCvR 5.4(g)(3). Defendant's actions in this regard were clearly taken in good faith.

## IV.  CONCLUSION

As set forth herein, it is respectfully requested that Plaintiff's Motion to Strike [Docket Entry # 43], be denied, and  that Defendant have to and including August 19, 2008, to file his dispositive motion in this case. A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

11