UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                            *

        Plaintiff,                    Case No. 06-1441-HHK

v.                                          *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration

        Defendant                     *

**PLAINTIFF'S REPLY RE MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Plaintiff Iona D. Calhoun, by and through her undersigned attorneys, hereby resplies to Defendant's Response to Plaintiff's Motion to Strike and Motion to Extend pursuant to Fed. R. Civ.P.6(b)(2) ("Defendant's Response").

Defendant does not, and cannot, deny that Defendant filed Defendant's Motion to Dismiss or for Summary Judgment ("Defendant's Motion") (1) *more than three months beyond the deadline set by this Court*, and (2) more than two months beyond the deadline informally agreed to by the parties (but never approved by the Court).  Nor does Defendant deny that the parties have not engaged in discovery for several months.  Similarly, Defendant cannot deny that Defendant is belatedly seeking an August 18, 2008 dispositive motion deadline by seeking permission on August 29, 2008, 11 days after the date that Defendant is asking this Court to approve.

Defendant does not even deny that Defendant filed Defendant's Motion a day after

1

Defendant's own deadline had elapsed: the deadline unilaterally imposed by Defendant, and never agreed to by Plaintiff or this Court. Defendant defends its failure to meet its own unilaterally-imposed deadline, on grounds of "excusable neglect." Defendant revealingly does not seek to justify its failure to seek this Court's *prior* approval, by motion, of its unilaterally-imposed August 18, 2008 deadline as "excusable neglect." In addition, Defendant's case authority does not justify Defendant's failure to meet its own unilaterally-imposed deadline.[a]

Nor can Defendant deny that Defendant's unilaterally-imposed deadline of August 18, 2008 was not before this Court until Defendant requested this Court's permission for that deadline as late as August 29, 2008, eleven days after that date. Defendant's only previous mention of the August 18, 2008 date was in response to a Motion to Extend and/or Compel that, as Defendant does not deny, Plaintiff had implicitly withdrawn, when Plaintiff's counsel was questioned by the Hon. John M. Facciola in an appearance by both parties on July 7, 2008. Thus, prior to August 29, 2008, Defendant's unilaterally-imposed deadline for dispositive motions of August 18, 2008, was not before this Court, since, as Defendant was aware, Plaintiff had withdrawn the motion to which Defendant had responded, and since *Defendant had made no motion concerning the August 18, 2008 date to this Court*.

---

[a] Defendant cites *In re: Vitamins Antitrust Class Actions,* 327 F.3d 1207 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)) and *Yesudian v. Howard Univearsity*, 270 F.3d 348 (D.C. Cir. 2001) in claiming "excusable neglect". However, in *Vitamins*, the issue was a "failure to file a timely opt-out notice," which the D.C. Circuit distinguished from, more comparable to the instant issue, "a timely notice of appeal, an issue of special interest to the courts of appeal." *Vitamins*, 237 F.3d at 1210 (internal citation omitted). To be sure, *Vitamins* also implicates issues of "case-management-decision in a complex class action," *id.*, but the failure to file a dispositive motion in a timely manner is nonetheless as related to a failure to file a timely appeal as it is to case management. In *Yesudian*, there was no "formal finding of excusable neglect." 270 F.3d at 971. Also, unlike in the instant case, "lack of prejudice to the other side, [wa]s fully conceded by Plaintiff." *Id.*

2

Defendant claims to have had the "impression," absent any evidence, that Defendant's "proposed schedule remained pending before this Court," based upon Defendant's inaccurate representation that "Magistrate-Judge Facciola further indicated that he would try to speak to the Court about this matter." (Defendant's Response, p. 3). Rather, Magistrate-Judge Facciola stated to Defendant's counsel, in no uncertain terms, that "the horse is out of the barn." Magistrate-Judge Facciola further stated, as Defendant acknowledges, that he had no authority to alter this Court's deadlines, and would not do so. Nowhere in the record did Magistrate-Judge Facciola even remotely imply that Defendant might hope that this Court would change its dates.[b]

Defendant's further excuse for failing to seek this Court's permission to extend the dispositive motion deadline, to wit: that Defendant was surprised that Plaintiff announced to Magistrate-Judge Facciola, on July 7, 2008, that Plaintiff was ready for trial, is unavailing, in that: (1) by June 25, 2008, Defendant knew that Plaintiff opposed Defendant's unilaterally-imposed deadline of August 18, 2008 (*See* Plaintiff's Reply to Defendant's Response to Resubmitted Motion, which is attached to Plaintiff's Motion to Strike Defendant's Motion do Dismiss or for Summary Judgment, as Exhibit 3, p. 7), which is why Defendant's counsel requested a hearing before Magistrate-Judge Facciola just three days prior to a conference originally scheduled before this court; and (2) Defendant waited 43 days after its claimed "surprise," and eight days after filing its dispositive motion, to request that this Court extend the dispositive motion deadline.

---

[b] Defendant, in its Errata, claims to have omitted excerpts from the Hearing before Magistrate-Judge Facciola on July 7, 2008. In its Errata, Defendant again did not attach the "excerpts." Plaintiff requests that Defendant attach the entire transcript of the hearing before Magistrate-Judge Facciola.

Defendant also justifies its untimely dispositive motion filing on the incorrect ground that Plaintiff's Resubmitted Motion to Extend Discovery and Dispositive Motion Deadlines; or, in the Alternative, to Compel the Deposition of Carol S. Anadale and to Compel Responses to Interrogatories and Requests for the Production of Documents ("Plaintiff's Resubmitted Motion"), was untimely. However, (1) Plaintiff's Resubmitted Motion was not untimely, in that the parties had already agreed to an extension of the dispositive motion deadline to June 12, 2008 in the hope, as far as Plaintiff was concerned, of Plaintiff's being able to avoid refiling the motion to extend and/or compel; (2) Plaintiff thus waited, within the course of several discussions with Defendant, to file Plaintiff's Resubmitted Motion because Plaintiff was making a good faith effort to negotiate with Defendant, and should not be punished for a good faith effort to negotiate;[c] (3) Plaintiff had already filed a motion to extend and/or compel, which had been denied without prejudice; and, although Plaintiff's counsel was negotiating with Defendant's counsel in the hope of avoiding having to refile said motion, the possibility of Plaintiff's refiling that motion, in the absence of a discovery agreement, was certainly in the backdrop of the parties' negotiations; and (4) this Court never ruled on Plaintiff's Resubmitted Motion, so Plaintiff's Resubmitted Motion has no bearing on the instant motion, even if, as is not the case, discovery motions and dispositive motions could be considered similarly situated.

Finally, without citing any case authority, Defendant erroneously claims that retroactively extending the dispositive motion deadline would not prejudice Plaintiff, when, in fact, even one

---

[c] Plaintiff has discussed Defendant's numerous discovery violations and inconsistencies many times in its submissions to this Court. Contrary to Defendant's claim that "Plaintiff's discovery litigation has spun out of control" (Defendant's Reply, p. 5, fn.3), Plaintiff simply sought to compel Defendant to produce documents that Defendant consistently refused to produce, after having agreed to make those documents available. After protracted efforts to negotiate with Defendant, Plaintiff concluded that Defendant would never comply with its discovery obligations, and thus decided to counter Defendant's efforts to delay this case.

4

day's failure to meet a dispositive motion deadline results in forfeiture of the right to bring such a motion. Thus, allowing Defendant to file such a motion after a three-month delay would grant Defendant three additional months to work on, and bolster, its motion, time to which Defendant is not entitled. The prejudice to Defendant would be as great as the reward to Defendant for its failure to consult this Court before filing a dispositive motion.[d]

## CONCLUSION

WHEREFORE, for the aforesaid reasons, Defendant's Motion to Dismiss or more Summary Judgment should be stricken on grounds that it is untimely.

Respectfully Submitted,

_____/s/_____
James L. Fuchs, Esq. Bar No. 454514
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

Attorneys for Plaintiff

---

[d] Plaintiff also believes that allowing Defendant to file a motion three months after the deadline set by this Court without prior permission, and after the motion has already been filed, would set an unfortunate precedent, which Defendant's counsel would exploit. In another case that Plaintiff's counsel has with Defendant's counsel in the District Court of the District of Columbia, *Smith v. Chertoff*, 07-1045 (RMU), Defendant's counsel cited, in a telephone conference with Plaintiff's counsel and with the law clerk of the Hon. Ricardo M. Urbina, Jeff Cook, an Order in the case *Cobell v. Kempthorne*, 96-1285, to support the proposition that a defendant's management official needed to be subpoenaed for a deposition because he was no longer the Plaintiff's manager at a selecting official at the time of a non-selection. The Order did not appear to have anything to do with the proposition for which Defendant's counsel was citing it, and, in any event, Judge Urbina rejected Defendant's counsel's position. However, if Defendant's counsel has continued to use an Order from a 1996 case that is inapposite, Defendant's counsel and her office would, *a fortiori*, no doubt exploit, for the next century, an Order granting retroactive permission for Defendant to file a dispositive motion three months after this Court's deadline had elapsed.