# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IONA D. CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1441 (HHK/JMF) |
| ) | |
| DAVID L. BIBB, ADMINISTRATOR, ) | |
| GENERAL SERVICES ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO EXTEND PURSUANT TO FED. R. CIV. P. 6(b)(2)

In her Reply Re Motion to Strike Defendant's Motion to Dismiss or for Summary Judgment [Docket Entry # 48], Plaintiff also opposes Defendant's Motion for Extension of Time to file his dispositive motion pursuant to Fed. R. Civ. P. 6(b)(2). Docket Entry # 46. Defendant herein replies to this opposition and states as follows:

Plaintiff only addresses Defendant's arguments with regard to two of the four factors that this Court may consider when granting a motion to extend time pursuant to Fed. R. Civ. P. 6(b)(2); i.e., the length of the delay and the danger of prejudice to the opposing party. See In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (*citing* Pioneer Inv. Servs. Co. v. Brunswick Assocs Ltd. P'ship, 507 U.S. 380, 395 (1993)). Because Plaintiff does not address the other two factors set out in In re Vitamins, i.e., the reason for the delay, and the good faith representations of Defendant, Defendant will focus on the first two prongs of the test in this filing and will otherwise rely on the argument set forth in his motion. Docket Entry # 46.

**1. <u>Length of Delay and Its Potential Impact on Judicial Proceedings.</u>**

First, there is no negative impact on these judicial proceedings by the filing of Defendant's dispositive motion on August 19, 2008. Docket Entry # 42. The only scheduled event in this case is a Status Conference set for October 2, 2008, at 11:30 am. As Plaintiff's opposition is due on September 8, 2008, and Defendant's reply is due on September 15, 2008, this matter will be fully briefed before the Court's October 2, 2008, Status Conference.

With regard to the length of the delay, although Plaintiff is correct that Defendant filed his dispositive motion on August 19, 2008, more than three months beyond the deadline originally set by this Court [Docket Entry # 48, p. 1], she ignores the impact of her own actions in this matter. Had Plaintiff not withdrawn her Resubmitted Motion to Extend Discovery and Dispositive Motions [Docket Entry # 33] at the July 7, 2008 discovery hearing before Magistrate-Judge Facciola, and it was ruled on favorably by the Court, discovery in this case would not have closed until August 6, 2008 (as she requested a 30-day extension for discovery), and dispositive motions would not have been due until September 5, 2008 (as she requested an additional 30 days after discovery closed to file dispositive motions). Docket Entry # 33, p. 1. Accordingly, Defendant's filing on August 18, 2008 [& re-filing on August 19, 2008], was not a lengthy delay in light of Plaintiff's own proposal. Moreover, if Plaintiff's Resubmitted Motion and stipulation to extend were timely prepared, as she now claims [Docket Entry # 48, p. 4], then Defendant's proposal for a new schedule with dispositive motions due on August 18, 2008 [Docket Entry # 37] was also timely as it was filed during the pendency of Plaintiff's Resubmitted Motion.

In any event, Defendant has now moved for an extension of time pursuant to Fed. R. Civ. P. 6(b)(2) to, in part, clear up any confusion that has been created by the actions of both parties,

and, in part, to explain the delay which reflects an apparent gap between the Court's May 13, 2008 deadline and Plaintiff's May 27, 2008 Resubmitted Motion, denied without prejudice [see Minute Order of April, 16, 2008], and Defendant's own proposed schedule discussed at the discovery hearing before Magistrate-Judge Facciola. Docket Entry # 37; see also Excerpts of Transcript Proceedings before Magistrate-Judge Facciola on July 7, 2008. Attachment 1.

The transcript of proceedings before Magistrate-Judge Facciola clearly supports Defendant's position that the Defendant's proposed schedule was presented in Defendant's response to Plaintiff's Resubmitted Motion to Extend Discovery and Dispositive Motions deadlines [Docket Entry # 33] and discussed with Magistrate-Judge Facciola at the hearing in connection with the referral of Plaintiff's Resubmitted Motion to him for resolution. It clearly shows that Judge Facciola believed it was not within his authority to rule on the proposed schedule, but that he would speak to Judge Kennedy. Transcript of Proceedings at pp. 15-16.

Specifically, Magistrate-Judge Facciola stated that he understood that Defendant had proposed alternative dates but he could not consider them. He expressly stated that he would try to speak to the judge about the issue in response to Defendant's request for a new schedule. The discussion went as follows:

> MS. WHITAKER: . . . [I]t seems to me that you could provide for a schedule for the completion of discovery. . .
>
> THE MAGISTRATE JUDGE: Not without the permission of Judge Kennedy. He set these deadlines, I didn't.
>
> MS. WHITAKER: Oh, I'm sorry, I thought you were involved in the discovery disputes.
>
> THE MAGISTRATE JUDGE: I will, I'm resolving discovery disputes, but my colleague magistrate judges, when it comes to questions of extending deadlines with the conclusion of discovery and for dispositive motions, as a simply courtesy, we always

3

> leave that with the district judge.  The district judge may very well say, "That's up to you, Facciola," in which case I will handle it.  But unless and until Judge Kennedy says that, as a simple matter of courtesy, I'm not going to set a different deadlines --
>
>   MS. WHITAKER;  Change the deadlines.
>
>   THE MAGISTRATE JUDGE: -- that he set, because those deadlines obviously were set in the context of his overall trial calendar.  I assure you I will try to reach him today, I don't know where Judge Kennedy is or what his schedule is like and mine is very busy, but I will try to speak to him today.

Transcript of Proceedings at p. 15, lines 4-25; p. 16, lines 1-6.

Moreover, Magistrate-Judge used the terms "the horse is out of the barn," simply to describe Plaintiff's position on the extension; indeed, this was said to Plaintiff's counsel, not Defendant's counsel:

>   THE MAGISTRATE JUDGE:  Mr. Fuchs, Ms. Whitaker says it's a simple thing, she just wants to sit down with you, just wants to get some things accomplished.  She wants to make sure that your submissions are correct, she wants to make sure if you have any problems with her submissions, to resolve those, get the medical records she needs, and then have the dispositive motions.
>
>   You say **the horse has left the barn**, it's a little too late for that.
>
>   MR. FUCHS:  Yes, Your Honor, I've wanted to do that since April and ironically, Ms. Whitaker opposed my attempts to extend discovery so that we could, in fact, resolve these issues.

Transcript at p. 10, lines 13-25 (emphasis added).[1]

Without the benefit of reviewing the transcript, Plaintiff asserts [Docket Entry # 48, p. 3] that the following statements of Defendant **were misrepresentations**:  that it was Defendant's

---

[1] Plaintiff has consistently incorrectly represented to this Court that Defendant would not agree to an extension of the discovery period.  Defendant's counsel told Plaintiff's counsel that Defendant would oppose an extension for taking new discovery in light of the paucity of documents produced by Plaintiff and other outstanding issues with respect to the pending discovery matters.  Defendant did not oppose an extension of the discovery cut-off for purposes of completing discovery which had already been propounded.

"impression" that the "proposed schedule remained pending before this Court," and that "Magistrate-Judge Facciola further indicated that he would try to speak to the Court about this matter." Plaintiff's Reply, Docket Entry # 48, p. 3. Plaintiff further asserts, again without the benefit of reviewing the transcript, that "Magistrate-Judge Facciola stated to Defendant's counsel, in no uncertain terms, that 'the horse is out of the barn.'" Id. As shown above, Defendant's statements were not misrepresented to this Court and it was Plaintiff who was inaccurate in her recollections.

Clearly, the transcript supports Defendant's understanding of the posture of the case, i.e., that a ruling would come in connection with his proposed schedule. As no ruling was entered, Defendant filed his dispositive motion on the proposed due date for dispositive motions of August 18, 2008, and re-filed on August 19, 2008 due to a technical error identified by the Clerk's Office.

Thus, the "length of delay" was originally contemplated by the Plaintiff, see Resubmitted Motion [Docket Entry # 33], modified by Defendant [Docket Entry # 37], discussed as pending at the July 7, 2008, discovery proceeding, and has caused no negative impact on this Court's calendar. Attachment 1.

    2. **The Danger of Prejudice to the Opposing Party.**

Plaintiff attempts to manufacture prejudice to her by stating that:

> allowing Defendant to file such a motion after a three-month delay would grant Defendant three additional months to work on, and bolster, its motion, time to which Defendant is not entitled. The prejudice to Defendant [sic] would be as great as the reward to Defendant for its failure to consult this Court before filing a dispositive motion. (footnote omitted).

Docket Entry # 48, p. 5.[2]

Plaintiff has demonstrated no prejudice by having to respond to a dispositive motion. Indeed, she could have filed a dispositive motion as her Resubmitted Motion contemplated. She chose not to. Defendant's dispositive motion was filed on August 19, 2008, and Plaintiff has to and including September 8, 2008, to oppose. Should she need more time, Defendant will not object. Even with additional time, this matter should be fully briefed by the Status Conference on October 2, 2008, before this Court. Accordingly, Plaintiff has failed to present any evidence of prejudice in this case.

As there is no evidence of prejudice in this case, the length of delay was contemplated by Plaintiff, and Plaintiff fails to discuss the other two factors outlined in In Re Vitamins, supra, p. 1, Plaintiff's opposition presents no legitimate basis for the Court to deny Defendant's Fed. R. Civ. P. 6(b)(2), motion.[3]

At most, by her Motion to Strike, Plaintiff is attempting to insure that she will be able to present all of her untimely and meritless claims to a jury without the opportunity for the Court to first test them under the summary judgment standard. Fed. R. Civ. P. 56 does not contemplate such tactics. As the Supreme Court has stated: "One of the principal purposes of the summary

---

[2] In the omitted footnote, Plaintiff's counsel makes *ad hominum* attacks on Defendant's counsel primarily assigned to this case and on her office. The representations made concerning another case are incorrect and irrelevant to this one and will not be addressed. In this regard, Plaintiff suggests that "Defendant's counsel and her office would, *a fortiori,* no doubt exploit, for the next century, an Order granting retroactive permission for Defendant to file a dispositive motion three months after this Court's deadline had elapsed." Id. at n. d. By this statement, Plaintiff questions the integrity of undersigned counsel and the Office of the United States Attorney rather than providing evidence of prejudice to the opposing party in this case. This argument should be rejected outright.

[3] Although Plaintiff argues that In Re Vitamins has no vitality here, she provides no alternative factors for the Court to consider in deciding a Fed. R. Civ. P. 6(b)(2).

judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose. (footnote omitted)" Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).  Defendant has isolated the unsupported claims in his motion.  Docket Entry # 46.  Moreover, Rule 56(b) provides that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  In addition, Rule 56(c)) provides that such a motion "shall be served at least 10 days before the time fixed for the hearing."  As no prejudice has been shown, as the language of Celotex establishes, and as no hearing or trial date has been set in this case, it is appropriate to permit consideration of Defendant's dispositive motion.

## CONCLUSION

Defendant filed his dispositive motion on the date he believed was before the Court for consideration.  Because this litigation has shown that there was a gap in the period between May 13, 2008, the Court's last deadline for dispositive motions, and Plaintiff's Motion on May 29, 2008, Plaintiff's stipulation, and Defendant's Motion on June 7, 2008 (none of which were ruled on by this Court), Defendant respectfully requests that Plaintiff's Motion to Strike be denied and Defendant's Motion to Extend pursuant to Fed. R. Civ. P. 6(b)(2), be granted.

    Respectfully submitted,

    /s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

          /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

          /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137