UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IONA D. CALHOUN,                              *

        Plaintiff,                              Case No. 06-1441-HHK

v.                                            *

LURITA ALEXIS DOAN,
Administrator,
U.S. General Services Administration

        Defendant                              *

**MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITON TO MOTION TO EXTEND**

    Plaintiff Iona D. Calhoun, by and through her undersigned attorneys, moves to strike Defendant's Response to Plaintiff's Opposition to Motion to Extend. Defendant's Response to Plaintiff's Opposition to Extend ("Defendant's Response") appears to be a backdoor means of submitting a sur-reply to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment or to Dismiss. Defendant would not have moved for an extension had Plaintiff not moved to strike Defendant's Motion for Summary Judgment. As such, Defendant's Response is really a thinly disguised sur-reply, without this Court's permission. As such, it should be stricken.

    In addition, however, is the problem that Defendant's Response, like Defendant's Motion to Extend—if indeed Defendant's Motion to Extend can somehow be severed from Defendant's opposition to Plaintiff's Motion to Strike—is, again, a retroactive effort to seek permission to extend the dispositive motion deadline. This is not a practice that other courts have allowed. *See,* for example, *Wilson v. Sundstrand Corp*, 2d 2003 WL 259139 (N.D.Ill. 2003), in which the

1

court refused to grant a motion for a summary judgment that was filed three weeks after the date set by the Court. In the instant case, the date upon which Defendant has filed is more than two months after the dispositive motion deadline set by this Court.

The "excusable neglect" argument that Defendant seeks to apply is relevant only to Defendant's having missed Defendant's own, unilaterally-imposed deadline. It does not apply to the universally-imposed deadline itself, which Defendant seeks to foist upon this Court as well as upon Plaintiff, without having consulted either.

Defendant excuses its contduct by implying that Magistrate Judge John M. Facciola was planning to recommend that this Court adopt Defendant's universally-imposed deadline, even though that date was no longer before the Court (again, that date had been proposed not by motion, but in response to a motion that was withdrawn). Hence, even the truncated version of the transcript provided by Defendant, which concernas the proceeding in which the parties appeared before Magistrate Judge Facciola, does not suggest that Defendant had reason to hope that this Court would endorse Defendant's unilaterally-imposed deadline, to which Plaintiff objected.

Further, since Defendant's unilaterally-imposed deadline was no longer before the Court, Defendant surely knew that there was only one deadline for dispositive motions, the May 13, 2008 deadline set by this Court. This Court did not, subsequent to the proceeding before Judge Facciola, issue a *sua sponte* decision endorsing Defendants dates, and indeed had no reason to do so, since those dates were not before the Court.

Defendant also seeks to bind Plaintiff—were Defendant's dispositive motion not to be stricken—to a September 8, 2008 response date with respect to Defendant's dispositive

motion—a date 20 dates following the filing of Defendant's dispositive motion, and yet another date to which neither Plaintiff nor this Court agreed.

To allow Defendant to foist its unilaterally-imposed deadline would be to substitute Defendant's judgment for that of the Court. As Plaintiff has already pointed out in Plaintiff's Reply with respect to Plaintiff's Motion to Strike, the precedent would be unfortunate, at the very least, and would be mercilessly exploited by Defendant in the future.

WHEREFORE, for the aforesaid reasons, Defendant's Response to Plaintiff's Opposition to Motion to Extend should be stricken.

Respectfully Submitted,

_____/s/_____
James L. Fuchs, Esq. Bar No. 454514
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

Attorneys for Plaintiff